## UNITED STATES *v.* TAYLOR. ▪

(*U. S. Circuit Court, District of Kansas—March, 1882.*)

1. The Court has no right, in a criminal case, to direct a verdict of guilty.

2. And this, although the practical result of the doctrine may be to make the jury the judges of the law as well as the facts.

The defendant was tried in the District Court upon an information charging him with having unlawfully exercised and

carried on the trade and business of a retail liquor dealer without having paid the special taxes required by law to be paid. Upon the trial it appeared that he had sold a compound, designated by him as a tonic, composed chiefly of alcohol. The Court instructed the jury, that, there being no authority shown to bring the sales within the rule of proprietary medicines, the defendant had shown no defense, and there was no dispute as to the facts, and the defendant, under the evidence, was undoubtedly guilty as charged, and thereupon directed the jury, without retiring, to return a verdict of guilty. To this instruction the defendant's counsel excepted.

McCRARY, Circuit Judge.

The single question to be determined is, whether, in such a case as this, a Court may direct a verdict of guilty. It is insisted on the part of the Government, that the facts being admitted or settled beyond dispute, the question of guilt or innocence depends wholly upon a question of law, which the Court must determine, and that, therefore, the Court may direct a verdict either way, in accordance with its opinion of the law. This is the view which was taken by the Court below. In so holding, the learned District Judge was, no doubt, largely influenced by the ruling of Mr. Justice Hunt, in the case of *U. S.* v. *Anthony*, 11 Blatch., 200. I find, however, upon an examination of the subject, that, with this single exception, the authorities are, with entire unanimity, against the right of a Court in a criminal case to direct a verdict of guilty.

The constitution guarantees to every accused person "the right to a speedy and public trial by an impartial jury of the State and district wherein the crime shall have been committed." (6th amendment.) This is a right which cannot be waived, and it has been frequently held that the trial of a criminal case before the Court by the prisoner's consent is erroneous. *State* v. *Mann*, 27 Conn., 281.

It is very difficult to see upon what principle it can be maintained that an accused person has had a trial by an impartial jury, within the meaning of the constitution, in a case where the Court has directed the jury, without deliberation, to

find him guilty. It would seem that such a trial is, in substance and effect, a trial by the Court quite as much as in a case where a jury is waived by consent of the accused.

The constitution does not deal with the form, but with the substance, the essence of the trial, and, therefore, requires a submission of the case to the jury for their consideration and decision upon it. There can, within the meaning of the constitution, be no trial of a cause by a jury, unless the jury deliberates upon and determines it.

It is doubtless true, that, in a certain sense, and to a limited extent, this doctrine makes the jury the judges in criminal cases of both law and fact; but this is the necessary result of the jury system, so long as the absolute right of the jury to find a general verdict exists, for a general verdict necessarily covers both the law and the fact, and embodies a decision based upon and growing out of both. It has accordingly long been well settled, that, while the Court is the judge of the law, and may instruct the jury upon the law, and, while it is the duty of the jury to receive the law from the Court, it is still within the power of the jury to render a general verdict, and thereby decide on the law, as well as the facts. It has never, to my knowledge, been claimed, that if the jury disregard the law as laid down by the Court, and renders a general verdict of not guilty, the Court can set it aside; and if this cannot be done by an order after verdict, how can the Court do substantially the same thing by an instruction before verdict? The action of the Court is, in effect, the same in either case; it is, in effect, a decision by the Court upon the law and facts that the accused is guilty. The Court must determine both the fact and the law, whether it directs a verdict of guilty or sets aside a verdict of not guilty. It may be going too far to say broadly that the jury have a right to disregard the instructions of the Court upon questions of law, although many Courts have gone to this extent; but it is quite clear that the right to render a general verdict includes the power to decide both law and fact, and, therefore, necessarily the power to decide independently of the Court.

In view of this, Courts have usually gone no further than to say to the jury, that, while they may, by a general verdict, de-

termine both the law and the facts, it is their duty to receive the law as laid down by the Court. In the case of *United States* v. *Wilson*, 1 Baldw., U. S., 108, the Court, by Mr. Justice Baldwin, in charging the jury, commented upon the subject, as follows:

"In repeating to you what was said on a former occasion to another jury, that you have the power to decide on the law, as well as the facts, of this case, and are not bound to find according to our opinion of the law, we feel ourselves constrained to make some explanations not then deemed necessary, but now called for from the course of the defense.

"You may find a verdict of guilty or not guilty, as you think proper, or may find the facts specially, and leave the guilt or innocence of the prisoner to the judgment of the Court. If your verdict acquits the prisoner, we cannot grant a new trial, however much we may differ with you as to the law which governs the case, and, in this respect, the jury are the judges of the law, if they choose to become so. Their judgment is final, not because they settle the law, but because they either think it not applicable, or do not choose to apply it to the case. But if a jury find the prisoner guilty against the opinion of the Court on the law of the case, a new trial will be granted. No Court will pronounce a judgment on a prisoner against what they believe to be the law. On an acquittal there is no judgment; the Court do not act and cannot judge, there remaining nothing to act upon.

"This, then, you will understand to be what is meant by your power to determine upon the law; but you will still bear in mind that it is a very old, sound and valuable maxim in law, that the Court answers to questions of law, and the jury to facts. Every day's experience evinces the wisdom of this rule."

That this charge presents the true doctrine upon the subject will be apparent from an examination of the following authorities, all of which sustain it, and some of which even go beyond it, and declare that the jury are the exclusive judges of both law and fact in a criminal case. Several of them are exactly in point, holding that a direction to the jury to convict is erroneous, notwithstanding overwhelming evidence of guilt: *United States* v. *Battiste*, 2 Sumn. (U. S.), 243; *Commonwealth* v. *Peter*, 10 Metc. (Mass.), 262; *Pierce* v. *State*, 13 N. Y., 536; *Carpenter* v. *People*, 8 Bail. (S. C.), 603; *Commonwealth* v. *Tugl*, 1 Metc. (Ky.), 1; *United States* v. *Stockwell*, 4 Cranch. (U. S.), C. C.,

671; *Selstmius* v. *United States*, 5 *id.*, 573; *Montee* v. *Commonwealth*, 3 J. J. Marsh, (Ky.), 32; *Sims* v. *State*, 43 Ala., 33; *United States* v. *Hodges*, 2 Wheel. Cr. Cas., 477; *United States* v. *Wilson*, Baldw. (U. S.), 78; *United States* v. *Fenwick*, 5 Cranch. (U. S.), C. C., 562; *United States* v. *Greathouse*, 2 Abb. (U. S.), 364; 4 Bl. Com., 361; *Tucker* v. *State*, 57 Ga., 503; *Hoffman* v. *State*, 29 Ala., 40; *Perkins* v. *State*, 50 *id.*, 154.

The rule is thus stated in *Commonwealth* v. *Tugl*:

"The jury must derive a knowledge of the facts from the witnesses, and of the law from the Court. They have, however, to pass upon both, and, by making an application of the law to the facts of the case, decide whether the offense charged in the indictment has been committed. In this sense only are they the judges of the law of the case."

With respect to the ruling of Judge Hunt, in *United States* v. *Anthony*, *supra*, it is proper to remark that he seems, upon reflection, to have doubted its soundness, as on the subsequent trial of the officers of election indicted with Miss Anthony for the same offense, and in which substantially the same testimony was introduced, he stated, that, instead of ordering a verdict of guilty, he would submit the case to the jury, with the instructions that there was no justification for the act of the defendants, and that in effect they were all guilty. See Whart. Cr. L. (7th Ed.), Sec. 82 *a*.

It is now well settled in the Federal Courts that, in civil cases where the facts are undisputed, and the case turns upon questions of law, the Court may direct a verdict in accordance with its opinion of the law; but the authorities which settle this rule have no application to criminal cases. In a civil case, the Court may set aside the verdict, whether it be for the plaintiff or defendant, upon the ground, that it is contrary to the law as given by the Court; but, in a criminal case, if the verdict is one of acquittal, the Court has no power to set it aside. It would be a useless form for a Court to submit a civil case involving only questions of law to the consideration of a jury, where the verdict, when found, if not in accordance with the Court's view of the law, would be set aside. The same result is accomplished by an instruction given in advance to find a verdict in accordance with the Court's opinion of the law.

But not so in criminal cases. A verdict of acquittal cannot be set aside, and, therefore, if the Court can direct a verdict of guilty, it can do indirectly that which it has no power to do directly.

By his plea of not guilty, the defendant must be understood as denying the truth of the information or indictment, and as not conceding the truth of what the witnesses for the Government have sworn to. This is so, notwithstanding the fact that no witness for the defendant contradicted the statements of the witnesses for the prosecution. In this condition of the testimony, it was the right of the jury to pass upon the credibility of the witnesses, even if unimpeached as to character, and to consider whether, upon applying all the tests of manner, clear or confused statement, prejudice and accuracy of memory, they were to be believed. It was within the province of the jury to disbelieve the witnesses for the Government. And even in civil cases, as far as I know, no Judge has ever gone further than to say, when the case was at all dependent upon oral testimony, that, if the jury believed all the testimony, they should find for the plaintiff or defendant.

The present case, in itself considered, is of little consequence, but the question involved is of far-reaching importance, for, if the power to direct a verdict of guilty exists in this case, it exists, and may be exercised in any criminal case, however important, and even if the punishment be death. In view of this, and especially in view of the opinion above cited of Mr. Justice Hunt, for whose judgment I entertain the highest respect, I have considered the case with great care. I have also consulted Mr. Justice Miller, who authorizes me to say that he concurs in the conclusion which I have reached, which is, that the District Court erred in charging the jury to find the defendant guilty, and in overruling the motion in arrest of judgment.

The judgment of the District Court is accordingly reversed, and the cause remanded for further proceedings, in accordance with this opinion.

*J. R. Hallowell,* United States District Attorney, for the United States.

*J. H. Gilpatrick, contra.*