Joshua Tucker, plaintiff in error, *vs.* The State of Georgia, defendant in error.

1. The evidence shows the guilt of the defendant beyond a reasonable doubt.
2. When it is established that a larceny has been committed, the fact that the stolen goods were immediately thereafter found in the possession of the defendant, is presumptive evidence of his guilt.
3. Notwithstanding overwhelming evidence of guilt, it is error for the court to charge that the jury *should* return a verdict of guilty.
4. It is objectionable in the court to discredit the prisoner's statement by comparing it with the evidence and showing discrepancies.

See concurring opinion of Jackson, Judge.

Criminal law. Before Judge Tompkins. Chatham Superior Court. November Term, 1875.

The following, taken in connection with the decision, sufficiently reports this case:

The state's evidence made, in brief, the following case: On September 1st, 1875, a case of hats on board a steamer lying at the Savannah wharf, was broken open, and a number taken therefrom. About six o'clock in the evening, the discharging clerk saw prisoner, who was one of the hands employed in unloading the cargo, coming from the vessel with a large bundle of clothing and a crocus bag under his arm. The clerk hailed him; went up and took hold of the bag; prisoner dropped it and ran. On opening it ten of the hats were found. A bystander went for a policeman. When prisoner saw them coming he ran into a house, where he was arrested.

Prisoner's statement was, in brief, as follows: 'One Hector and Eliza Williams broke open the box and took the hats about half-past five P. M., while prisoner was in the hold of the vessel. The hats prisoner had were not from that lot, but were given him by the quartermaster, about two o'clock, P. M., to sell on commission. When stopped by the clerk, he stated that the bag contained things given him by the quartermaster.

The jury found a verdict of guilty. Defendant moved for a new trial, on the following, amongst other grounds:

1st. Because the court charged that if the stolen goods were found in defendant's possession at the time of, or immediately after, the larceny, then the law presumes him guilty. The burden of proof is on him to show that he obtained the goods honestly, and if he fails to do so, you should find him guilty.

2d. Because the court charged substantially as follows: As to the prisoner's statement, you may consider whether it is reasonable, probable, and bearing the appearance of truth, or whether it is unlikely and contradictory. You can consider whether it is possible that he could have been in the hold of the ship and seen the box opened after the time when the state claims that he was arrested.*

The motion was overruled, and the defendant excepted.

A. P. ADAMS, for plaintiff in error.

A. R. LAMAR, solicitor general, for the state.

WARNER, Chief Justice.

The defendant was indicted for the offense of "larceny from the vessel," under the 4408th section of the Code, and upon his trial therefor, was found guilty. A motion was made for a new trial on the various grounds stated therein,

*According to this portion of the charge of the court, the state claimed that the defendant was arrested at one o'clock, P. M., on the day of the larceny. The brief of evidence would seem to show that he was apprehended after six o'clock on that day. There is no testimony showing his arrest before that hour. (R.)

which was overruled by the court, and the defendant excepted.

1. The evidence in the record, in our judgment, was sufficient to satisfy the jury, beyond a reasonable doubt, that the defendant stole the hats from the vessel as alleged in the indictment.

2, 3. That part of the charge of the court to the jury, to-wit: "Whenever it is established that a larceny has been committed, and the stolen goods are immediately afterwards found in the possession of a person, that fact is presumptive evidence that the person is guilty of the larceny of the character charged to have been committed," was unobjectionable; but that part of the charge, to-wit: "If you further believe, from the evidence, that a portion of the stolen goods were, at the very time, or immediately afterwards, found in the possession of the defendant, then the law presumes that the defendant is guilty of the offense of larceny from the vessel, and the burden of proof is upon him to show that he obtained the goods honestly, and if he fails to do this, you *should* find him guilty of the offense charged," was error, according to the ruling of this court in Parker *vs.* The State, 34 Georgia Reports, 262.

4. The charge of the court was objectionable in regard to the statement of the prisoner, in so far as it attempted to show by argument that his statement was not true, from the evidence. But, notwithstanding the court may have erred in its charge to the jury, still, the verdict was right under the evidence and the law applicable thereto, and we will not disturb it.

Let the judgment of the court below be affirmed.

JACKSON, Judge, concurring.

I concur in the judgment of the court in this case, but not in that part of the opinion which condemns the court below for charging the jury to the effect that if certain facts exist, then the law presumes that the defendant is guilty, and that they *should* find him guilty. On the contrary, I think it

is the duty of the court, always to make a practical application of the law to the facts, and always to tell the jury that if, from the evidence, you find the facts to be so and so, then the defendant is guilty. Nor does the case in 34 *Georgia Reports*, 262, conflict with this view. The complaint there was that the present chief justice emphasized a little too strongly the words, "*you ought to find him guilty;*" and the then Chief Justice LUMPKIN, merely questions the propriety of this charge *in this emphatic way*, and all that he says about it is in the shape of a question, a mere query. In this case, the court charged the jury to the effect that if these goods stolen from this vessel, were found shortly after they were missing in possession of the defendant, then the law presumed him guilty, unless he explained how he came by them, "and you *should* find him guilty." I think that the charge was exactly right; and notwithstanding the criticism of Chief Justice LUMPKIN, upon Chief Justice, then Judge WARNER, on the circuit, I think that if Judge Tompkins had added, with emphasis, and you *ought to find him guilty*, instead of "you *should* find him so," he would not have been wrong. Of course the judge should always charge in respect to reasonable doubts, as he did in this case.

I think the fault usual among presiding judges on jury trials, is that they deal too much in generalities, the jury not understanding what they mean; always, they should make the law clear and easily to be understood by the jury, and to do this they must practically apply it to the facts by telling the jury that if you believe, from the evidence, such to be the facts, then such is the law, and defendant is guilty, and you should so find. I cannot, therefore, give my concurrence to the construction put upon Judge LUMPKIN's remarks or questions, in 34 *Georgia Reports*, nor to the condemnation of Judge Tompkins' charge in this case.