SEALES *v.* THE STATE.

1. The court, in its charge, having at least intimated an opinion as to what had been proved, the provisions of section 3248 of the code require the granting of a new trial.
2. It was improper, in the trial of a criminal case, to charge the jury: "Your purpose is to find out what is the truth of this transaction, and you use the same rules of evidence in this case—the same reasoning—that you would anywhere else on any question outside the court-house, or inside the court-house; only, you give the defendant the benefit of any reasonable doubt in the case."

February 7, 1896.  By two Justices.

Indictment for burglary.  Before Judge Janes.  Douglas superior court.  November term, 1895.

*A. L. Bartlett* and *W. A. James*, for plaintiff in error.
*W. T. Roberts*, solicitor-general, contra.

LUMPKIN, Justice.

An indictment was returned against Seales and two other persons for the offense of burglary.  Seales was convicted, and made a motion for a new trial, to the overruling of which he excepted.

1. Among other things, the court charged: "The evidence as to stolen property, as to recovering possession of any property, was offered by the State to show that the defendant had possession of stolen property, and is only to fix the crime upon him."  The language quoted contains at least an intimation that the evidence in question would serve to fix the crime upon the accused, if the jury should believe that he was, in fact, in possession of the property alleged to have been stolen.  If the court had said that the State's *purpose* in offering this evidence was to show guilt on

the part of the accused, accompanying this statement with proper instructions with reference to the possession of stolen property, the charge would have been unobjectionable; but the precise language used was calculated to mislead the jury into the belief that the fact as to the possession of the stolen property was a conclusive test of guilt, when, accurately speaking, it was only a circumstance from which guilt might be inferred.

2. The court also gave a charge to the jury in the language quoted in the second head-note, which we do not think was a proper instruction. In the trial of a criminal case, the jury ought not to use the same rules of evidence, or the same reasoning, they would use "anywhere else on any question outside the court-house." None but the Infinite can know what rules of evidence or what methods of reasoning persons serving as jurors may invoke in transacting their business, or in dealing with other affairs, at their homes or any other places. Criminal cases must be tried by the rules of evidence prescribed by law, and the reasoning of the jury should be in accord with these rules, under proper instructions from the bench. *Judgment reversed.*