TURNER *v.* THE STATE.

While proof that an accused was found recently after a larceny in the possession of stolen goods is a circumstance from which the presumption of guilt arises, sufficiently strong to authorize a conviction, yet where the evidence shows such possession not to have been recent, and the articles stolen to be of such a nature that they could readily have passed from hand to hand, a presumption of guilt still arises, but it is not, without other evidence, sufficient to sustain a conviction.

The trial judge erred in overruling the motion for a new trial.

Argued October 21, — Decided November 6, 1901.

Indictment for larceny from the house. Before Judge Harris. City court of Cartersville. June 11, 1901.

*James B. Conyers*, for plaintiff in error. *Samuel P. Maddox, solicitor-general*, contra.

LITTLE, J.　Levi Turner was charged with the offense of larceny from the house, in stealing from the gin-house of W. H. Griffin and R. E. Griffin two carpenters' planes. On arraignment he pleaded not guilty, and substantially the following evidence was introduced on behalf of the State: W. H. Griffin testified that his brother and himself, composing the firm of Griffin Brothers, did a ginning as well as a mercantile business at Kingston, Ga. About three months before the trial, which was had on September 10, 1900, witness, in company with another, went to the house of defendant to search for some stolen corn, and while searching his smoke-house witness found the two patent planes, which he identified, upon a shelf therein. One was a small plane and the other a large

one. Griffin Brothers had two planes just like these in their gin-house, which they had missed about eighteen months before the trial. The planes had been kept in a box with some bristles and cotton, and the planes found had on them bristles and cotton and tallow. There was some excelsior in the smokehouse of defendant where these planes were found. Defendant claimed that he had bought them in Rome on the occasion when he helped Mr. Kitchens move to that city, and denied having stolen them, at the time they were found. There was no private mark on them, and witness declined to swear positively that the planes were those which were lost, but said that they were like them; that there were a great many other planes like those which belonged to witness and his brother. Another witness testified that he had worked for Griffin Brothers, and identified the planes as being those that had belonged to them, though he said there was no private mark by which he could identify them from others of the same make. Kitchens testified that after defendant was arrested he had asked him, Kitchens, how long it had been since he (defendant) had helped to move to Rome, and he told defendant it was in the year 1894; that defendant and another negro did help him to move to Rome in the fall of that year; that he gave them some money with which to buy a pint of whisky; and that defendant did not buy any planes at that time. A witness testified that in 1897 the accused was in possession of two planes just like the two before the jury; that they were new and of the same make; that defendant was "a sort of cobbler of a workman," and owned other planes at the time he saw the ones like these. In his statement the defendant said that he bought the planes in Rome in 1896, and that he did not buy them when he helped Mr. Kitchens move to that city. The jury returned a verdict of guilty. The defendant made a motion for a new trial on a number of grounds, which being overruled he excepted.

A reversal of the judgment is asked, because, it is insisted, the evidence was not sufficient to support the verdict; and because the court erred in giving, under the facts of this case, the following charge to the jury: "The State contends that the defendant was found in the recent possession of the property alleged to have been stolen. Now as to whether this possession of the defendant was recent or not is a question of fact which you are to determine. If

you find that the property was stolen then I charge you that you would be authorized to infer the guilt of defendant from such possession, if you find that his possession of the property was recent, unless he explained his possession to your satisfaction." Assuming that the principles of law incorporated in this charge are sound, the evidence did not warrant a finding as a matter of fact that the property was in the possession of the accused recently after the larceny was committed. It was ruled by this court in the case of *Calloway* v. *State*, 111 *Ga.* 832, that, "While recent possession of stolen goods unexplained will justify a conviction for larceny, the mere possession of the goods several months subsequent to the time they were alleged to have been stolen and a failure to satisfactorily account for such possession will not alone authorize a conviction." The question of the recency of the possession of goods which have been stolen is a very important one in determining the guilt of one charged with larceny, where such possession alone is relied on for a conviction. It does not necessarily follow that because one is found in the possession of stolen goods he is a thief, but the fact that he was so found is a circumstance which may always go to the jury. Proof of such possession under certain circumstances will authorize a conviction; under others it will not. This court has in a number of cases ruled that where recent, absolute, and unexplained possession is shown to exist immediately after a theft, it is almost conclusive of guilt; and that where indicatory evidence on collateral points is added to the fact of recent possession of the stolen property, it will support a conviction. *Jones* v. *State*, 105 *Ga.* 649, citing many cases. In the case of *McAfee* v. *State*, 68 *Ga.* 823, this court ruled that the nearer the possession to the time of the larceny the stronger will be the inference of guilt. In the present case evidence of the fact that the goods alleged to have been stolen were found in the possession of the defendant some fifteen months after the larceny was alone relied on to establish his guilt. The property being personal, and of easy transmission from one to another, such possession, while a circumstance pointing to his guilt, was not of itself sufficient to justify a conviction. Had it been recent, a different rule would prevail. Nor can it be replied that the jury should determine whether such possession was recent or not when applied to a case of larceny, for the purpose of raising the presumption of guilt, when there is no evidence that

possession was in fact recent.   The very reason of the rule which authorizes the presumption would be rendered nugatory, if a possession which was in fact not recent could be determined to be otherwise.   We must therefore rule, that while there was evidence to show that the accused was in possession of the stolen goods in this case, and while such evidence was a circumstance from which a presumption of his guilt might arise, as a matter of fact the possession under the evidence in the present case was not recent, and not being so, the presumption of his guilt was not concluded by such possession; and that in all cases where such possession is relied on to establish guilt, it must either be shown to have been recent, or else it must be strengthened by other evidence.   The trial judge erred in overruling the motion for a new trial; and the judgment is                                *Reversed.   All the Justices concurring.*