## ANDREWS *v.* THE STATE.

The evidence, being entirely circumstantial, and not sufficient to exclude every reasonable hypothesis except that of the guilt of the accused, was insufficient to authorize a conviction, and a new trial should have been granted.

Submitted July 21, — Decided August 7, 1902.

Indictment for burglary. Before Judge Roberts. Wilcox superior court. June 3, 1902.

*Martin Cannon*, for plaintiff in error.
*John F. DeLacy*, solicitor-general, contra.

LITTLE, J. Andrews was indicted for the offense of burglary. The bill of indictment charged that he broke and entered the storehouse of R. B. Bowen, with intent to commit a larceny therein. He was tried, convicted, and, upon his motion for a new trial being overruled, sued out a bill of exceptions, alleging as error the overruling of his motion for a new trial, the grounds of which were that the verdict was contrary to law, contrary to the evidence, and without evidence to support it. We are of the opinion that the court erred in overruling the motion. It was clearly shown by the evidence that the storehouse of Bowen was burned, and the evidence justified a strong inference that the fire was of incendiary origin. The evidence that there was a breaking rests in this case upon rather a slender foundation. It was shown that on the evening

prior to the fire, which occurred at night, the storehouse had been securely closed, and one of the witnesses, Roberts, testified that he, was awakened about two o'clock in the morning and told that Bowen's store was on fire; that he got up and went to the burning house, which was near by, and, when he got there, was unable to tell where the fire originated; that the lower part of the house was burning at the time, and the end door was open, and one end of a gang-plank, 18 feet long, 12 inches wide, and 2 or 3 inches thick, was lying in the door; and that it would require two or three men to carry this plank from the depot to the storehouse. He saw no signs on the door, but could just see that it was open. Certainly this evidence was sufficient to show that the door of the house was open, and inferentially that it had been opened by more than one person using a large plank for that purpose. It was possible, of course, that the storehouse might have been entered by burglars before the fire, and equally as possible that the door might have been broken in by other persons after the fire had been discovered. In the absence of any evidence in relation thereto it is hardly sufficient to make the first inference conclusive, and say that this evidence established beyond a reasonable doubt that the store was broken and entered prior to the fire. But, treating the evidence as sufficient to establish this fact, we are still of the opinion that it was not sufficient to show, with that clearness necessary to support a conviction, that the plaintiff in error was present, or was one of the persons who broke and entered the house. Under the evidence which was introduced, the jury were fully justified in arriving at the conclusion that the accused had within a very short period of time been near the storehouse, and that he had gone from there to his own house a mile or more distant, because it was shown that tracks made by a particularly described pair of shoes led from near the storehouse to the house of the accused. Another circumstance adds some weight to this proof. That was, that a bloodhound was placed on a track near the storehouse and followed it to the house of the accused. Indeed, on his trial the accused did not contest the fact that he had been at the store a very short time previous to the fire, and had gone from there to his own house. It seems that the burned house was located at a place known as Lulaville. One of the witnesses for the State testified that, on the day before the night in which the house was burned, he saw the accused, and went with

him through Lulaville to his house between three and four o'clock in the afternoon before the fire. The owner of the dog which tracked the accused testified that he could tell from the conduct of the dog that the track was a little old; that he had known the dog to run a track which had been made 24 hours before. So neither the evidence of tracks from the store to the house of the accused, nor the fact that they were trailed between these two points, was sufficient to identify him as the burglar, even had the corpus delicti been sufficiently proved. Two other items of circumstantial evidence, in addition to these, were relied on as making the case against the accused complete. It seems that the accused and one Merritt Dennis occupied different parts of the same house, and that a shoe-box which had been in the store on the night of the fire, and certain towels which had been taken from the store, were found in the house occupied by the accused and Dennis. These facts were of course sufficient to create a suspicion that the articles were taken from the storehouse by such occupants, but they were not in law sufficient to fix their guilt. See *Hall* v. *State*, 65 *Ga.* 36. The towels were found in the part of the house occupied by Dennis, where an attempt had been made to conceal them, and not in the part occupied by the accused. The box was found in the room of the accused, but it appears that it was not found until about three months after the fire. The probative value of this evidence must rest on the principle that the recent possession of stolen goods, unexplained, is evidence sufficient to authorize a conviction, of the person in whose possession they are found, of the offense of larceny ; and where the charge is burglary, and it is clearly shown that a burglary has been committed, that certain goods were in the house at the time of the burglary, that they were taken therefrom by burglars, then the recent possession of the goods so taken, unexplained, may authorize the conclusion that the possessor of the goods committed the burglary. See *Lester* v. *State*, 106 *Ga.* 371. In the case of *Turner* v. *State*, 114 *Ga.* 45, it was ruled that " While proof that an accused was found recently after a larceny in the possession of stolen goods is a circumstance from which the presumption of guilt may arise, sufficiently strong to authorize a conviction, yet where the evidence shows such possession not to have been recent, and the articles stolen of such a nature that they could readily have passed from hand to hand, a presumption of guilt still arises, but it is

not, without other evidence, sufficient to sustain a conviction." It was nearly three months after the accused had been arrested and committed to jail before the shoe-box was found at his house. This fact, without more, gives to such finding but little weight as indicating the accused as the thief, for the reason that the house was occupied by others. Then, an ordinary shoe-box is readily transmissible by hand from one to the other, and had it been at the house immediately after the burglary it would probably have been at that time discovered. It suffices to say, however, that whatever probative value this circumstance may have had, it was not sufficient to authorize a conclusion, even when taken with the other circumstances above named, that the accused was the burglar. He may have been.. The circumstances create the suspicion that he was, but this suspicion will not authorize a conviction, nor will any amount of circumstantial evidence support a conviction which does not exclude every other reasonable hypothesis than that the accused was guilty. Every circumstance relied on to convict in this case may be admitted to be absolutely true, and at the same time be consistent with the innocence of the accused. This being true, the conviction can not stand, and a new trial should have been granted.

*Judgment reversed. All the Justices concurring, except Lewis, J., absent.*