### 926. CUTHBERT *v.* THE STATE.

The recent, absolute, and unexplained possession of property stolen from a house proved to have been burglarized may be sufficient to authorize a conviction of burglary, but the presumption of guilt arising from proof of such facts is not one of law.

Indictment for burglary, from Chatham superior court—Judge Seabrook. November 30, 1907.

Submitted February 3,—Decided February 11, 1908.

*W. W. Gordon Jr.*, for plaintiff in error.

*W. W. Osborne, solicitor-general*, contra.

HILL, C. J. John Cuthbert was convicted of the crime of burglary. On the trial of the case the evidence clearly established the commission of the offense of burglary, and the further fact that from the house burglarized there were stolen a suit of clothes, a pair of suspenders, and razors. The evidence relied upon by the State was that on the day after the commission of the burglary, the defendant was in possession of the suit of clothes which had been stolen from the house when burglarized the night before. This possession of the defendant, it is claimed, being unexplained by him, was sufficient to authorize a conviction. On this controlling

question in the case, the court charged the jury as follows: "If the State satisfies you that on the day named in the indictment, in this county, in the manner and form therein alleged, this house was burglarized, and from it certain goods were taken, and if you find that recently thereafter this defendant was found in the possession of those goods or any portion of them, the law puts upon him the burden of accounting for such possession, not beyond a reasonable doubt, but to the reasonable satisfaction of the jury; and, in the absence of an explanation satisfactory to the jury, it is a circumstance which the law considers sufficient to justify the assumption that he is the thief." The latter part of this charge, to wit, "it is a circumstance which the law considers sufficient to justify the assumption that he is the thief," is assigned as error, in that "it authorized the jury to assume that the defendant was the thief from that one circumstance; the rule of law being that recent possession of stolen goods is but a circumstance for the jury to consider, and is not conclusive of guilt."

Of course it is well-settled that the exclusive and unexplained possession of stolen property recently after a theft, or after burglary in the commission of which a theft was perpetrated, may raise a presumption of fact that the party in possession is the thief or burglar; and would be sufficient as a basis of conviction, where the larceny or burglary had been established beyond a reasonable doubt. But this portion of the charge went further than merely allowing the jury the right to draw an inference of guilt from the fact of unexplained and recent possession of the stolen property, and instructed them that the law from this circumstance assumed the existence of guilt. We do not think that a party can be adjudged guilty of larceny or burglary, as a matter of law, upon proof that property has been stolen, and recently thereafter found in his possession, of which possession he fails to make a reasonable explanation. Such proof shows a strong probability of guilt, but it is for the jury to determine its force, after due consideration of all the facts and circumstances which affect its probative value, such as the length of time that has elapsed between the taking and the possession, the nature and character of the property; and to determine, from all these facts and circumstances, the question of guilt; but the court can never, however conclusive the presumption of fact may be, direct the jury, as matter of

law, that such facts, circumstances, or inferences are sufficient to convict. This exact question has been considered by many courts and text-writers, and the conclusion is uniform that the presumption of guilt which arises from the possession of stolen property recently after the larceny does not, in the absence of any explanation, create a presumption of law of the guilt of the possessor, but simply one of fact, to be passed upon and determined by the jury.

Pollock, C. B., in the case of Reg. *v.* Langmead, reported in 9 Cox's Criminal Cases, 464, on this subject lays down the rule as follows: "It is a presumption of fact, and not an implication of law, from evidence of recent possession of stolen property unaccounted for, whether the offense of stealing has been committed." Greenleaf, in his invaluable treatise, says, "The presumption, being not conclusive, but disputable, is to be dealt with by the jury alone, as a mere inference of fact." 3 Gr. Ev. (15th ed.) §31; Wharton, in his Criminal Evidence (8th ed.), §758, states, that this presumption, while it has frequently been declared to be a presumption of law, is really an inference of fact, and that the court may properly tell the jury that the possession by the party of stolen goods is a fact from which his complicity in the larceny may be inferred. "It is purely an inference of fact, to be dealt with by the jury, and not one of law to be applied by the court." Graves *v.* State, 12 Wis. 593. The Supreme Court of Washington, in State *v.* Bliss, 27 Wash. 463 (68 Pac. 87), held that the following instruction on the presumption arising from the possession of recently stolen property was erroneous: "If the jury believe the defendant was found in the possession of the property stolen, soon after it was stolen, such possession is a strong criminating circumstance tending to show the guilt of the defendant;" this decision being based on the ground that possession of recently stolen property was simply a fact to be considered by the jury as any other fact, and that its weight was for the jury alone. In a very able and elaborate opinion on this question, the Supreme Court of New Hampshire, in State *v.* Hodge, 50 N. H. 510, declares, "It is useless to call such a presumption a presumption of law. Call it what we may, it is a presumption of fact. . . It is a presumption established by no legal rule, ascertained by no legal test, defined by no legal terms, measured by no legal standard, bounded by no legal limits. It has none of the characteristics of law. . . Being a presumption of

fact, it should be drawn by the jury, and not by the court." We do not care to extend these citations further. Coming to our own Supreme Court, we find that the question now under consideration has been frequently decided. In the case of *Hill* v. *State,* 63 *Ga.* 584 (36 Am. R. 120), Mr. Justice Bleckley, referring to the cases of *Parker* v. *State,* 34 *Ga.* 262, and *Tucker* v. *State,* 57 *Ga.* 503, says: "The doctrine of the charge in the former of these cases was this: If a mule be stolen, and a given person be, next day, seen in possession of him, riding him, and the same person cause him to be sold at auction as his property, and receive pay for him, . . such person is, under the law, guilty of stealing the mule, and the jury trying him for the larceny ought to find him guilty. It will be seen that the various enumerated facts do not constitute larceny by the accused, but are only evidence of it, and the vice of the charge is, that the court drew the inference of guilt and directed the jury to adopt that inference (in case the evidentiary facts were proved), instead of merely telling them that they were authorized to infer guilt and might find accordingly. The erroneous part of the charge in *Tucker's* case was to this effect: If goods be stolen from a vessel, and a portion of them be found, at the very time or immediately afterwards, in the possession of a given person, the law presumes that he is the guilty party. . . The great error of the charge lies in treating the presumption of guilt [arising from these facts] as one of law. . . 'The presumption is not one of law, but of fact.'" In *Falvey* v. *State,* 85 *Ga.* 157 (11 S. E. 607), the following charge of the court below was disapproved: "If the circumstantial evidence is such that you believe from the evidence the defendant was found in the possession of the goods, and the possession is unexplained, that fact of itself would be sufficient to warrant a conviction." The court in that case held: "The accused being found in the possession of the goods would not of itself warrant his conviction. That would be a question for the jury to consider. If the defendant was found in possession of the goods shortly after the crime was committed, that would be a circumstance for the jury to consider in determining whether the defendant was guilty of the burglary or not. It is a matter for the jury to consider; it was not a question for the court to determine as a matter of law." The second headnote of that decision is: "Unexplained possession of the

·stolen goods does not of itself authorize a conviction, but is a cir-·cumstance for the jury to consider." See also *Jones* v. *State,* 105 ·Ga. 649 (31 S. E. 556).

From all these decisions, we think that the proper rule on this question is that any presumption that may be drawn from the un-·explained possession of the fruits of a crime which has been re-·cently committed is a presumption of fact merely. In other words, it is only the inference that one fact may exist from the proof of .another, and does not amount to a rule of law. The facts which must be proved before this presumption arises clearly make it ·evidentiary in character. Before the presumption can arise, such possession must be recently after the commission of the crime. What would be a recent possession is in all cases a question for the jury, to be determined very largely from the character and nature of the property stolen. In other words, what is recent pos-session can not be absolutely determined by any rule of law. The ·determination does not depend merely upon the lapse of time, but depends also upon the nature of the article stolen, and whether they are of a kind likely to pass rapidly from hand to hand, or are such as the party might, from his habits of life or the nature of his vocation, become innocently possessed of. The weight of this presumption, whether recent or otherwise, depends very largely upon the character of the property stolen and the character of the possessor. If the property was such that it passed readily from hand to hand, or such as the accused might reasonably have had in his possession, the presumption might justly be regarded as weak. But if the property was such as did not readily pass from hand to hand, and was such as the accused could not be ordinarily expected to have in his possession, the presumption would be strong. All these facts and circumstances are to be determined by the jury, and are to be considered by them in coming to their conclusion. The vice in the charge sub judice is that the court treated the circumstances indicating guilt, and from which the jury might infer guilt, as circumstances which the law considered sufficient to justify the assumption of guilt. Such instruction was tantamount to telling the jury that a deduction which they were authorized to draw from proof of certain facts was more than a mere inference from facts, and that the proof of such facts constituted a legal .assumption of guilt. The facts in this case from which the jury

were authorized to infer guilt were quite strong and convincing as matter of evidence, but, however strong and convincing, they did not take the question of guilt out of the realm of evidence and place it in the realm of law. In every criminal trial, the State, in the indictment, makes an affirmation of guilt. This affirmation is denied by the defendant's plea of not guilty; and the question, from the plea to the verdict, is one of fact. Whether this affirmative allegation of the State is proved beyond a reasonable doubt,— whether an affirmative fact to be proved by the State, or an explanation of an affirmative fact proved by the State, to be made by the defendant, because the defendant only, as in the case of the possession of stolen property, can make the explanation,—the standard demanded is proof of every fact necessary to establish guilt beyond a reasonable doubt. Mental unrest is the goal at which the defendant can safely stop, but beyond which the State must go. Reasonable doubt is the Gulf Stream of the criminal law. It flows from the beginning and throughout the trial. It tempers every fact or inference and every rule of evidence with the soft touch of mercy. In no criminal case, however strong the facts from which guilt may be inferred, can the judge tell the jury that the law considers such facts sufficient to justify the assumption of guilt.

We do not deem it necessary to decide the other questions made in the motion for a new trial.      *Judgment reversed.*