### 7106.  BARLOW *v.* THE STATE.

WADE, J.  1.  Where one is charged with burglary, and it is clearly shown that the burglary was committed, that certain personal property was in the house at the time of the burglary, and that it was then stolen from the house, the recent possession of the property so taken, unexplained, may be sufficient to authorize the conclusion that the possessor committed the burglary.  See especially *Turner* v. *State,* 114 *Ga.* 45 (39 S. E. 863) ; and see also *Andrews* v. *State,* 116 *Ga.* 83 (42 S. E. 476) ; *Lester* v. *State,* 106 *Ga.* 371 (32 S. E. 335) ; *Grimes* v. *State,* 77 *Ga.* 762 (4 Am. St. R. 112), and numerous cases cited in Park's Annotated Code, vol. 6, p. 614, catchword "Possession."

(*a*) Mere possession of stolen property is not a conclusive test of guilt, but only a circumstance from which guilt might be inferred. *Seales* v. *State*, 97 *Ga.* 692 (25 S. E. 388); *Jones* v. *State*, 105 *Ga.* 649 (31 S. E. 574).

(*b*) As we construe the charge of the court in this case, it is in entire harmony with these well-settled principles, and the exception thereto is without substantial merit.

2	Grounds of the motion for a new trial not insisted upon by counsel for plaintiff in error will not be considered. The evidence authorized the verdict, there was no material error of law, and the judgment refusing a new trial is					*Affirmed. Russell, C. J., dissents.*

DECIDED MARCH 17, 1916.

Indictment for burglary; from Washington superior court— Judge Hardeman. November 8, 1915.

The trial judge, after charging the jury that the burden was upon the State to prove beyond a reasonable doubt the corpus delicti, "that is, that a crime was committed," continued as follows: "But where it does appear beyond a reasonable doubt that this house was broken and entered and a larceny was committed, if the State shows that the defendant was thereafter recently found in the possession of the property which was stolen, then I charge you that while such possession would not be conclusive evidence of guilt, it would raise a presumption of guilt upon which you would be authorized to convict only in the event that the defendant did not explain that possession to the reasonable satisfaction of the jury. And I charge you that where a burglary has been shown, and where possession is shown in the defendant of goods taken from the recently burglarized building, the burden would be upon the defendant to explain to the jury his possession, not, however, beyond a reasonable doubt, but to the reasonable satisfaction of the jury. Now, if it has been explained to your reasonable satisfaction, you would not be authorized to convict him." It was contended in the motion for a new trial that the instructions as to possession of stolen property were error because recent possession is not sufficient to convict, and raises no presumption of guilt, but is only a circumstance for the jury to consider, going to show whether the accused is guilty. This is the only ground of exception relied on in the brief of counsel for the plaintiff in error, other than the general grounds as to the insufficiency of the evidence.

*John R. Cooper,* for plaintiff in error.

*R. Lee Moore, solicitor-general,* contra.