## 7046. CHANDLER *v.* THE STATE.

The circumstances in proof were sufficient to exclude every other reasonable supposition than that the accused had stolen the pants alleged to have been stolen, and which were found in his possession about six weeks after he was seen in the owner's store looking at them. The probative value of his explanation of his possession was a matter addressed to the judge, who by consent tried the case without a jury. And though the fact that he had given two contradictory explanations would not of itself be sufficient to authorize a conviction of larceny, it might tend to discredit the statement made by him on his trial, in which he attempted to explain his possession of the property in question.

DECIDED MAY 19, 1916.

Accusation of larceny; from city court of Douglas—Judge Lankford.   November 5, 1915.

*Chastain & Henson,* for plaintiff in error.

*W. A. Wood, solicitor, McDonald & Willingham,* contra.

RUSSELL, C. J.   In this case exception is taken to a judgment overruling a motion for new trial, based only upon the general grounds.   By consent the presiding judge passed upon the issues of fact involved, without the intervention of a jury.   It is insisted by learned counsel that the judgment finding the accused guilty of the larceny of a pair of pants is contrary to law, because it is without any evidence to support it.   The conviction depended wholly upon circumstantial evidence.   This court recognizes that in such a case a conviction is contrary to law if there is any reasonable inference in support of the defendant's innocence which can be as rationally deduced from the proof submitted as that he is guilty; and the writer would by no means relax the stringency of this rule or modify any previous utterance of this court to the effect that a conviction upon mere suspicion is contrary to law. In the present .case the principal complaint seems to be that no single circumstance in proof is of itself sufficient to warrant the conviction; that the testimony of some of the witnesses upon cross-

examination was in conflict with their statements upon direct examination, and that the defendant's possession of the pants alleged to have been stolen was not shown to be so recent as to give this circumstance probative value. One of the witnesses testified positively to the loss of the pants, and another testified equally positively as to the identity of the missing pants with those which the defendant was wearing when he was arrested. Even though the testimony of the witnesses may be somewhat contradictory, it is still within the prerogative of the jury (or of the judge exercising the function of a jury) to credit the witnesses. Judicial knowledge will exclude statements which are so manifestly at variance with one's knowledge and with universal experience as to be inherently incredible; but, while the testimony of some of the witnesses may have been so improbable as to authorize the jury to discredit them, no fact stated was so manifestly in conflict with the universal knowledge of mankind as to render it intrinsically incredible.

The defendant examined some pants at the prosecutor's store. Very shortly afterward they were missed. There was testimony to the effect that about six weeks later the accused was found wearing the missing pants, and that they were well worn. The fact that there were no marks or tags or cost marks upon the pants at that time, to serve for identification, and that there may have been other pants of a similar kind, might suggest the improbability of the defendant's guilt and authorize the trial judge to acquit him, but would not require an acquittal. The coincidence of his examination of the pants in the prosecutor's store with the loss of the pants, the positive testimony that the pants afterwards worn by him were the missing pants, and the two contradictory explanations of his possession as given by him, called for explanation on his part; and if his explanation was not satisfactory, the presumption that the possessor of the goods was a thief could be treated as conclusive. The explanation was not satisfactory, and the rule which declares that, where a conviction depends wholly upon circumstantial evidence, the law will not warrant a conviction if there is any reasonable hypothesis deducible from the evidence which is consistent with innocence, does not compel a jury to accept as true the defendant's explanation of his possession. As to the point that possession of the stolen property six weeks

after the larceny could not be considered as recent possession, see *McGruder* v. *State,* 71 *Ga.* 864. See also Park's Annot. Code, vol. 6, p. 614, catchword "Possession."    *Judgment affirmed.*