### 10987. SHANEYFELT *v.* THE STATE.

1. The evidence was sufficient to show a breaking and entering of the store alleged to have been burglarized.
2. Whether the inference of guilt which may arise from recent possession of stolen goods should be drawn where several weeks elapse between the theft and the finding of the goods in the defendant's possession is a question for the jury.
3. A charge on the law of circumstantial evidence was not required in the absence of a request.
4. The evidence authorized the verdict.

DECIDED DECEMBER 9, 1919.

Indictment for burglary; from Floyd superior court—Judge Wright. October 1, 1919.

*W. B. Mebane,* for plaintiff in error.

*C. H. Porter, solicitor-general,* contra.

BLOODWORTH, J. 1. The evidence in this case shows that certain goods were in the store of the prosecutor on Friday night and were gone Saturday morning when he opened his store. The prosecutor swore that "the only way the party who got the goods could have entered the store was to either prize open or unlock the door. There was nothing broken about the door. It was one of these double doors, having a little catch at the top and at the bottom, and when I locked the door on Friday night before, the little catch at the bottom evidently did not catch, as, upon examination of it Saturday, I found that little catch full of dirt or sand, and in that condition one could easily prize the door open. I tried this on Saturday and found it could be prized open in this condition, and in the manner stated. I know I had fastened the door securely on the night before. The windows to the store were all nailed down, and were the next morning when I entered the store." Under the ruling of the Supreme Court in the

case of *Humphries* v. *State,* 149 *Ga.* 480 (100 S. E. 637), this evidence was sufficient to show a breaking and entering. In the *Humphries* case the Supreme Court differentiates the case of *Lester* v. *State,* 106 *Ga.* 371 (32 S. E. 335), relied on by the plaintiff in error, from such cases as this one, and says that "an examination of the record in the case just referred to discloses that certain facts do not appear in the official report of the case; but when these facts are considered the ruling made by the court was undoubtedly correct."

2. The goods found in the possession of the defendant were positively identified as the goods taken from the store of the prosecutor on the night of the burglary, and we cannot say that the jury was not authorized to infer the guilt of the accused from the possession of the stolen articles, though several weeks had elapsed between the date of the burglary and the time the goods were found in the possession of the defendant. "The question of the result of the lapse of time is for the jury." *McAfee* v. *State,* 68 *Ga.* 823; *Chandler* v. *State,* 18 *Ga. App.* 142-3 (89 S. E. 197). Compare *Calloway* v. *State,* 111 *Ga.* 832 (36 S. E. 63) ; *Turner* v. *State,* 114 *Ga.* 47 (39 S. E. 863).

3. When all the facts of the case and the entire charge are considered, there was no error, in the absence of a pertinent, legal, and timely written request, for the judge to fail to charge on circumstantial evidence. See in this connection, *Bush* v. *State,* 23 *Ga. App.* 126 (97 S. E. 554).

4. The evidence on the question of alibi is uncertain and indefinite. Not one of the witnesses who swore in reference thereto fixed absolutely and without equivocation the time of the alleged absence from the locality of the defendant as the night of the burglary. The jury are the final arbiters on questions of fact. They have found against the defendant on the question of alibi, and there is evidence sufficient to support the verdict, and, no error of law having been pointed out, the judgment must be

         *Affirmed. Broyles, C. J., and Luke, J., concur.*