### 11475. DILLARD *v.* THE STATE.

LUKE, J. The charge of the court upon the question of recent possession of stolen goods, as complained of, was not erroneous for the reason stated in *Cuthbert* v. *State*, 3 *Ga. App.* 600 (60 S. E. 322). See *Jackson* v. *State*, 25 *Ga. App.* 16 (102 S. E. 373). The charge of the court was full and fair, and the evidence amply authorized, if indeed it did not almost demand, the conviction of the defendant. It was not error to overrule the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED JUNE 15, 1920.

Indictment for larceny; from Bibb superior court — Judge Mathews. March 22, 1920.

The larceny of an automobile was charged in the indictment. It was testified that the car disappeared from its owner's possession in Bibb county, without his knowledge or consent, and soon after was discovered, with the defendant and an older boy in it, in Barnesville; and that the defendant made conflicting statements as to how they got the car. One of his statements was that they started to Atlanta afoot, and a white men asked them where they were going, and turned the car over to them, telling them to take it and go ahead; another statement was that the other boy suggested that they get a car, and later drove up in this car, and they got in it and started to Atlanta. As to possession of stolen goods the court charged the jury as follows: " I charge you that where one of the circumstances proven in the case is that the defendant is in possession of stolen goods, the jury may presume from that fact that the defendant is guilty, unless a reasonable explanation, in the opinion of the jury, is shown, as to such possession. Now, if you believe, beyond a reasonable doubt, that this defendant was found in possession of the car, the jury may pre-

sume from that circumstance alone that he is guilty of larceny of the car, where other proof in the case shows that the car was stolen. This is not a conclusive presumption, but it is a presumption that may be rebutted. It is for the jury to say when such a conclusive presumption arises, unless it is rebutted. But I charge you, as a matter of law, the jury may presume from that circumstance, if such a circumstance is shown in the case, the jury may presume it and act upon it unless it is rebutted by showing a reasonable explanation as to such possession." In the motion for a new trial it is alleged that the court erred in so charging, for the reason that the effect of this part of the charge was to instruct the jury that if they found the defendant in possession of the automobile, they might find him guilty on that fact alone; that the charge was not justified by the evidence, which showed that two negroes were in the car when found; that it was error because the jury might find that the defendant was using the car without the owner's consent and was not guilty of stealing it; and it was error because it put an undue burden on the defendant and took away from the State its duty of proving him guilty beyond a reasonable doubt.

*H. F. Rawls,* for plaintiff in error.

*C. H. Garrett, solicitor-general,* contra.