12827.    MURRAY *v.* THE STATE.

1. The judge, having given in charge to the jury the language of the Penal Code as to circumstantial evidence (P. C. 1910, §§ 1009, 1010), did not err, in the absence of a proper and timely written request, in failing to charge more fully on that subject. *Seats* v. *State,* 122 *Ga.* 173 (3) (50 S. E. 65); *McNaughton* v. *State,* 136 *Ga.* 614 (5) (71 S. E. 1038); *White* v. *State,* 25 *Ga. App.* 426 (103 S. E. 742).
2. It was not error harmful to the defendant for the court to charge as follows: " If you find from the evidence, or the defendant's statement, that the contentions of the defendant are true, you should acquit the defendant."
3. The judge did not err in instructing the jury that " the recent posses-

sion of stolen property, unexplained, is a strong circumstance to be considered by them." (BLOODWORTH, J., dissents.)

4. So far as they were legal and pertinent, the requests to charge embodied in grounds 7 and 10 of the motion for a new trial were sufficiently covered by the charge given.

5. The judge properly refused to give to the jury the requested instructions set out in ground 8 of the motion for a new trial. To have told the jury, " if you find in this case that a car *stolen* from Dr. Mitchell," etc., would have been to express or intimate what had been proved, and would have been a direct violation of § 1058 of the Penal Code of 1910.

6. There is no merit in ground 9 of the motion for a new trial, as to the refusal to give requested instructions upon the presumption from possession of stolen property.

7. For no reason urged at the time of its introduction was all the evidence embodied in ground 11 of the motion for a new trial inadmissible; and it was offered en bloc. Besides, this ground of the motion for a new trial is not complete and understandable without reference to other parts of the record.

DECIDED JANUARY 18, 1922.

Indictment for larceny; from Ware superior court — Judge Summerall. August 1, 1921.

*James R. Thomas, Parker & Parker,* for plaintiff in error.

*A. B. Spence, solicitor-general,* contra.

BLOODWORTH, J. The 3d headnote alone will be discussed. In connection therewith the following is the opinion of the majority of the court: " In *Cuthbert* v. *State,* 3 *Ga. App.* 600 (60 S. E. 322), *Gravitt* v. *State,* 114 *Ga.* 842 (40 S. E. 1003, 88 Am. St. Rep. 63), and *Harris* v. *State,* 18 *Ga. App.* 710 (2) (90 S. E. 370), the charge excepted to was materially different from the charge complained of in this case. In the *Cuthbert* case and in each of the other cases referred to the charge was to the effect that the presumption of guilty arising from the unexplained recent possession of stolen property was a presumption of law, whereas it is only a presumption of fact to be passed upon and determined by the jury; but in the instant case the jury were clearly told that the presumption was only one of fact, to be passed on by them, and was not one of law. It is true that in the beginning of his charge on the question of recent possession, the judge did say that the recent unexplained possession of stolen property ' is a strong circumstance to be considered by the jury,' but this was merely a statement (and a true statement) of an abstract principle of law. When the judge got down to the facts of the case he charged only that such possession was a ' circumstance ' to be considered by them and which authorized them to find the defendant guilty."

The excerpt from the charge discussed in the foregoing opinion of the majority of the court is as follows: " I charge you that the recent possession of stolen property, unexplained, is a strong circumstance to be considered by the jury. It raises no presumption of guilt as a matter of law." The writer thinks that in thus charging the jury the judge committed reversible error. Let it be borne in mind that the word " recent," as used in connection with the presumption arising from possession of stolen goods, is a relative term and not capable of exact or precise definition, and varies within a certain range with the conditions of each particular case, and is usually a question of fact for the jury; and a time which might be construed as recent under one state of facts would not be so under another and different state of facts. See White v. State, 72 Ala. 195, 200; Jenkins v. State, 62 Wis. 49 (21 N. W. 232, 238). See, in this connection, Pool v. Warren County, 123 Ga. 205 (3), 206 (51 S. E. 328). The exception to the excerpt from the charge heretofore quoted is as follows: " Movant shows that said charge was erroneous and was exceedingly harmful to the accused, in that the use of the word ' strong ' unduly impressed the jury with the presumption arising from the possession of stolen property, and amounted to an expression of opinion by the court as to the weight of such presumption; and that said charge took from the jury the right to determine the weight of the presumption that arises from the possession of stolen property, which differs in different cases and depends on many circumstances, all of which are to be considered by the jury and determined by it. Said charge was error because it was for the jury to say whether in this particular case the presumption arising from the possession of stolen property was a weak presumption or a strong presumption against the defendant. This error was not corrected, cured, or relieved by any part of the general charge." The writer thinks that this excerpt from the charge is subject to the criticism lodged against it. In Mill v. State, 2 Ga. App. 398 (2) (58 S. E. 673), the following general principle was announced: " The only appropriate charge in a criminal case on the subject of the weight of evidence is the fundamental principle that the State is required to prove the guilt of the accused beyond a reasonable doubt."

It is easy to see how the learned judge who presided in the trial of the present case was led into error by expressions found in re-

ported cases of this court, the Supreme Court, and other courts. In *Gravitt* v. *State,* 114 *Ga.* 842 (40 S. E. 1003, 88 Am. St. Rep. 63), the Supreme Court, quoting from *Jones* v. *State,* 105 *Ga.* 650 (31 S. E. 575), said: " It is true that the possession of goods stolen at the time of the commission of the burglary is but a circumstance. If it is recent it is, when *unexplained, a very strong* circumstance tending to show the guilt of the possessor, and it is sufficient to put the burden of explaining the possession on the person charged with the offence." (Italics mine.) In the *Jones* case, supra, Mr. Justice Little said (p. 651) : " As we have seen, such possession is but a circumstance, *and the jury should have been so told, and further properly charged that the weight to be given to this circumstance depended upon the nature of the property, how recently it had been stolen, and such other principles of law as illustrated the value of the evidence.*" This court in *Harris* v. *State,* 18 *Ga. App.* 712 (2) (90 S. E. 371), said: " Recent possession of stolen goods, *unexplained,* is a strong circumstance to be considered by the jury, but raises no presumption of guilt as a matter of law." (Italics mine.) See also *Cuthbert* v. *State,* 3 *Ga. App.* 602 (60 S. E. 322). But it is frequently true that the language used in the opinion of a reviewing court is not appropriate for use by a judge in charging a jury. See *Macon Ry. & Light Co.* v. *Vining,* 123 *Ga.* 772 (51 S. E. 719).

It is undoubtedly true that the recent possession of stolen property, unaccounted for, will raise a presumption of guilt, but this is a presumption of fact and not of law, and, being a presumption of fact, it is an inference to be drawn by the jury and not a matter to be determined by the court. Whether this presumption is weak or strong will depend upon the facts of the particular case. In *August* v. *State,* 11 *Ga. App.* 798 (4) (76 S. E. 164), referring to the presumption arising from the possession of stolen property, this court held: " It is a presumption arising out of fact, and is, therefore, a matter for the jury,— as is the satisfactoriness of the explanation." See *Lester* v. *State,* 106 *Ga.* 371 (32 S. E. 335). In *Cuthbert* v. *State,* supra, Chief Judge Hill said (p. 604) : " From all these decisions we think that the proper rule on this question is that any presumption that may be drawn from the unexplained possession of the fruits of a crime which has been recently committed is a presumption of fact merely. In other words, it is

only the inference that one fact may exist from the proof of another, and does not amount to a rule of law. The facts which must be proved before this presumption arises clearly make it evidentiary in character. Before the presumption can arise, such possession must be recently after the commission of the crime. What would be a recent possession is in all cases a question for the jury, to be determined very largely from the character and nature of the property stolen. *In other words, what is recent possession can not be absolutely determined by any rule of law.* The determination does not depend merely upon the lapse of time, but depends also upon the nature of the article stolen, and whether they are of a kind likely to pass rapidly from hand to hand, or are such as the party might, from his habits of life or the nature of his vocation, become innocently possessed of. The weight of this presumption, whether recent or otherwise, depends very largely upon the character of the property stolen and the character of the possessor. If the property was such that it passed rapidly from hand to hand, or such as the accused might reasonably have had in his possession, the presumption might justly be regarded as weak. But if the property was such as did not readily pass from hand to hand, and was such as the accused could not be ordinarily expected to have in his possession, the presumption would be strong. All these facts and circumstances are to be determined by the jury, and are to be considered by them in coming to their conclusion. The vice in the charge sub judice is that the court treated the circumstances indicating guilt, and from which the jury might infer guilt, as circumstances which the law considered sufficient to justify the assumption of guilt. Such instruction was tantamount to telling the jury that a deduction which they were authorized to draw from proof of certain facts was more than a mere inference from facts, and that the proof of such facts constituted a legal assumption of guilt. The facts in this case from which the jury were authorized to infer guilt were quite strong and convincing as matter of evidence, but, however strong and convincing, they did not take the question of guilt out of the realm of evidence and place it in the realm of law."

For the judge to charge the jury in this case that " the recent possession of stolen property, unexplained, is a *strong* circumstance to be considered by them " (italics mine) is for him to in-

vade the province of the jury, and determine for them whether the "recent" possession was near to or remote from the time the property was stolen, whether or not the property was such that it would readily pass from hand to hand, and was or was not such as the accused could be ordinarily expected to have in his possession. All these are questions to be determined by the jury. In *McAfee* v. *State,* 68 *Ga.* 823, it was held: "Possession of stolen goods shortly after the commission of a larceny, if unexplained and unaccounted for, will furnish a basis for a verdict of guilty against the person so found in possession. The nearer the possession to the time of the larceny, the stronger will be the inference of guilt, and *the question of the result of the lapse of time is for the jury."* (Italics mine)

From the rulings in the cases cited above the writer thinks the judge erred in giving the instructions which we have just been discussing. This error was not cured even though the judge, in a subsequent portion of his charge, did correctly instruct the jury on this subject. "Where an erroneous instruction is given on a material issue, the error is not rendered harmless by a subsequent statement of the judge that he has given the correct rule in another part of his charge. He must make it plain and clear to the jury that the first instruction was incorrect and is expressly retracted, and that the subsequent statement is correct and is substituted for the incorrect one; and it must appear, therefore, that the jury could not have been misled or confused by the two inconsistent statements." *Pelham Mfg. Co.* v. *Powell,* 6 *Ga. App.* 308 (4) (64 S. E. 1116). See *White* v. *State,* 24 *Ga. App.* 122, 126 (100 S. E. 9), and cases cited. If, under the ruling of the majority of the court in this case, the judge, under certain conditions, could tell the jury that "the recent possession of stolen property, unexplained, is a *strong circumstance* to be considered by them, surely he could tell them, under different conditions and where in his opinion the facts authorized it, that "if the property was such that it passed readily from hand to hand, or such as the defendant might reasonably have in his possession, *this presumption might justly be regarded as weak."* (Italics mine.) For the judge so to charge would be to invade the province of the jury and to express or intimate what had been proved, and would be a direct violation of § 1058 of the Penal Code of 1910 (Civil Code, § 4863).

In the opinion of a majority of the court the judgment should be

*Affirmed. Broyles, C. J., and Luke, J., concur. Bloodworth, J., dissents.*