### 24312. ANDERSON *v.* THE STATE.

DECIDED NOVEMBER 23, 1934.

*H. H. Elders,* for plaintiff in error.

*J. P. Dukes, solicitor-general,* contra.

GUERRY, J. 1. "Simple theft, or larceny, is the wrongful and fraudulent taking and carrying away, by any person, of the personal goods of another, with intent to steal the same." Penal Code (1910), § 152. "The stealing of a hog is simple larceny, and shall be so charged in the indictment, and the hog so described that it may be identified by the owner." Penal Code (1910), § 159.

2. Where one is found, after a recent larceny, in possession of

the stolen goods, this circumstance is sufficient to authorize the jury to find him guilty of the larceny. The reasonableness of the explanation, if any, by the defendant with reference to such possession, is generally a question for the jury. *Turner* v. *State*, 114 *Ga.* 45 (39 S. E. 863); *Gravitt* v. *State*, 114 *Ga.* 841 (40 S. E. 1003, 88 Am. St. R. 63); *Holliday* v. *State*, 23 *Ga. App.* 400 (98 S. E. 386); *Tarver* v. *State*, 95 *Ga.* 222 (21 S. E. 381); *Murray* v. *State*, 28 *Ga. App.* 101 (110 S. E. 418); *Barlow* v. *State*, 17 *Ga. App.* 729 (88 S. E. 212); *Davis* v. *State*, 24 *Ga. App.* 35 (100 S. E. 50); *Tucker* v. *State*, 57 *Ga.* 503; *Griffin* v. *State*, 86 *Ga.* 257 (12 S. E. 409); *Cuthbert* v. *State*, 3 *Ga. App.* 600 (60 S. E. 322). Thus, where it was shown that the accused was seen at a camp site on a certain island in the Altamaha swamp, around which the stolen hogs roamed; that the hogs in question did not roam anywhere except on the island, and that recently thereafter the accused sold the hogs some distance away to a third person, this evidence was sufficient to authorize his conviction of larceny of the hogs. The reasonableness of the explanation of the defendant that he bought the hogs from a negro with whose name he was not familiar was a question for the jury, and this court will not reverse their finding, especially where the testimony disclosed that when the sheriff first asked the defendant about the hogs he made a different statement as to his possession than the one made at the trial.

"Where the proof was that an owner kept his hogs at his home in Miller county, and turned them out into the open country, calling them up at night, that suddenly they were missing therefrom, and that about the same time defendant, who lived near by, though in an adjoining county, sold them some distance away, and there was no proof that the hogs ever 'used' or ever were over the line, a verdict of guilty of larceny, found in the county of the owner's residence, will not be set aside for want of sufficient proof of venue." *Smiley* v. *State*, 66 *Ga.* 754. Applying this ruling to the case at bar, the verdict of the jury will not be set aside for want of sufficient proof of venue. See also *Rooks* v. *State*, 65 *Ga.* 330; *Linder* v. *State*, 17 *Ga. App.* 520 (87 S. E. 703); *Dyer* v. *State*, 6 *Ga. App.* 390 (65 S. E. 42).

4. The court did not err in overruling the motion for new trial. *Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*