## 33307. WALDEN *v.* THE STATE.

Decided January 30, 1951.

*James R. Venable, John L. Respess Jr., Hubert C. Morgan,* for plaintiff in error.

*Paul Webb, Solicitor-General, William Hall, Frank French,* contra.

MacIntyre, P. J.  Raymond Walden was tried and convicted of larceny of an automobile under an indictment which charged him with the theft of G. L. Martin's black Ford coupe on September 2, 1949.  His motion for a new trial, based upon the usual general grounds and four special grounds, was overruled and he excepted.

Special ground 2, numbered 5, of the motion for a new trial, assigning error upon the exclusion of certain of the testimony of John W. Mayes, a witness for the defendant, is without merit; for, while it appears from the record that the court first excluded the testimony in question, the court later instructed the jury: "Gentlemen, when this witness [John W. Mayes] was first on the witness stand, his first appearance, the court excluded certain parts of his testimony.  The court now

admits the testimony which the court has heretofore excluded, the testimony of this witness [John W. Mayes]."

■ In special ground 1, numbered 4, error is assigned upon the refusal of the trial court to allow G. L. Martin, the alleged owner of the automobile in the indictment and a witness for the State, to give, on cross-examination, the names of persons to whom he had lent his car during the period from March to September when he was parking it on the lot from which the State contends it was stolen. The errors assigned upon the exclusion of this answer are: that the defendant's counsel was seeking to prove by the question that the car in the indictment was lent by the witness and alleged owner of the car to one Howard Farmer on the occasion it is alleged to have been stolen; that Farmer was an illegal whisky dealer and that he was using the car for the purpose of hauling non-tax-paid whisky at the time the car was supposed to be stolen; and the defendant was, by the exclusion of the witness's answer, denied a thorough and sifting cross-examination of the State's prosecuting witness.

"The right to a thorough and sifting cross-examination is not abridged by the action of the judge in confining it to matters that are in some manner relevant to the issues of the case on trial. In the absence of an attempt to show that the facts sought to be developed are connected with the case even remotely, an assignment of error upon their exclusion is not meritorious." *Pulliam* v. *State,* 196 *Ga.* 782 (2-4) (supra). No attempt was made during the trial to illustrate the purpose of the evidence sought in reference to the question; that is to say, counsel did not show why it was material to whom the witness had lent the automobile during a period of some six months prior to the time of the alleged theft of the car. See also *Robinson* v. *Murray,* 198 *Ga.* 690 (4) (32 S. E. 2d, 496), and citations; *Aycock* v. *State,* 62 *Ga. App.* 812 (10 S. E. 2d, 84).

■ Special grounds 3 and 4, numbered 6 and 7, being closely related upon principle, will be considered together. Special ground 3 assigns error upon the court's charging: "Gentlemen, I charge you that if you find that a larceny of an automobile has been committed as charged in this bill of indictment and that recently thereafter this defendant was found in possession of the automobile alleged to have been stolen, that would be

a circumstance which you could take into consideration and from which you would be authorized to draw an inference of guilt unless the defendant makes a satisfactory explanation of his possession of such car consistent with his innocence in your opinion, all of which are questions of fact for your determination. If the defendant makes a satisfactory explanation of his possession, if you find he was in possession in your opinion, then no harmful inference should be drawn from such possession." The error assigned is that the charge was erroneous and inapplicable to the facts and evidence submitted in the case as there was no evidence from which the jury could infer that the defendant's possession of the car was recent. Special ground 4 assigns error upon the failure of the court to define "recent possession" after having given that portion of the charge quoted immediately above, and in failing to charge: "If the possession be not recent, the mere lapse of time affords continuing opportunity for the stolen goods to pass through other hands, thus decreasing, as the period of time goes, the presumption of unlawful possession and increasing accordingly the presumption of bona fide possession."

The only evidence connecting the defendant with the larceny of the automobile is that at some time during the first ten days of January 1950, after the car had been stolen on September 2 or 3, 1949, the defendant had the automobile in his possession and sold it to A. V. Conlin. The defendant denied the theft of the automobile and contended that he purchased the automobile and that he had a bill of sale so indicating. It appears also that the defendant gave contradictory explanations of his possession of the automobile to the arresting officers.

"Where one is found, after a recent larceny, in possession of the stolen goods, this circumstance is sufficient to authorize the jury to find him guilty of the larceny. The reasonableness of the explanation, if any, by the defendant with reference to such possession, is generally a question for the jury. *Turner* v. *State,* 114 *Ga.* 45 (39 S. E. 863); *Gravitt* v. *State,* 114 *Ga.* 841 (40 S. E. 1003, 88 Am. St. R. 63); *Holliday* v. *State,* 23 *Ga. App.* 400 (98 S. E. 386); *Tarver* v. *State,* 95 *Ga.* 222 (21 S. E. 381); *Murray* v. *State,* 28 *Ga. App.* 101 (110 S. E. 418); *Barlow* v. *State,* 17 *Ga. App.* 729 (88 S. E. 212); *Davis* v. *State,* 24 *Ga. App.*

234

35 (100 S. E. 50); *Tucker v. State*, 57 *Ga.* 503; *Griffin v. State*, 86 *Ga.* 257 (12 S. E. 409); *Cuthbert v. State*, 3 *Ga. App.* 600 (60 S. E. 322)." *Anderson v. State*, 50 *Ga. App.* 182 (177 S. E. 526); *Harper v. State*, 60 *Ga. App.* 687 (4 S. E. 2d, 734).

"The question of the result of the lapse of time is for the jury." *McAfee v. State*, 68 *Ga.* 823; *Shaneyfelt v. State*, 24 *Ga. App.* 555 (101 S. E. 592); *Chandler v. State*, 18 *Ga. App.* 142 (89 S. E. 157); *Coe v. State*, 37 *Ga. App.* 82 (138 S. E. 919).

Applying the foregoing rules to the portion of the charge complained of, we find no error in the charge as given for any of the reasons assigned in special ground 3. Nor do we think, in view of the charge as given, that it was necessary, in the absence of a timely written request, for the court to define "recently" in its use in the charge concerning the possession of property recently after the commission of the larceny of the property. Recently is a relative term and its meaning is dependent upon the surrounding circumstances in each particular case, and the court, after giving that portion of the charge complained of, charged the jury: "all of which [referring to the elements which must appear in order for the presumption of guilt to arise from possession of property recently stolen] are questions of fact for your determination."

■ From what has been said in the foregoing division of this opinion, we think it clear that the jury was authorized to find the defendant guilty of the larceny of the automobile.

*Judgment affirmed. Gardner, J., concurs. Townsend, J., concurs in the judgment.*