36926. WASHINGTON *v.* THE STATE.

DECIDED JANUARY 16, 1958.

*Ralph L. Crawford,* for plaintiff in error.

*Andrew J. Ryan, Jr.,* Solicitor-General, *Sylvan A. Garfunkel, James F. Glass, Jack E. Usher,* Assistant Solicitors-General, contra.

GARDNER, Presiding Judge. 1. Regarding the general grounds, counsel for the defendant call our attention to *Bird* v. *State,* 72 *Ga. App.* 843 (4) (35 S. E. 2d 483) and in connection therewith proceeded under the theory that recent possession of goods charged to have been stolen is applicable only to the possession of stolen property. Counsel for the defendant thus argues that the State is proceeding under the wrong theory. Counsel for the defendant is correct in that such principle of law is not applicable to the charge of knowingly receiving stolen goods. We find nothing in the instant case to indicate that the State proceeded on that theory. The evidence discloses that immediately upon discovery of the burglary the police officers began a search for the stolen tires and finally located the exact number of tires, of the exact type, size, make, and description of the tires

the Monarch Oil Company had lost by burglary from its store-house in December. Counsel for the defendant contends that since the serial numbers of the tires were not shown in the trial of the case and since the exact kind of tires was sold by other tire dealers, that these particular tires could have come from some place other than the storehouse of the Monarch Oil Company. This seems to furnish a constrained construction under all the facts and circumstances of this case. There is nothing in the record to show that any other similar tires were reported missing or stolen from any other place of business. It must be kept in mind that the police officers did not locate these tires until April 16, 1957, and when they took up the matter of the tires being in the residence of the defendant, she stated to the police officers that she knew nothing about them being there. Viewing the evidence as a whole the statutory grounds are without merit.

2. Special ground 1 assigns error because it is contended that the court erred in refusing to give the following written request to charge: "While recent possession of stolen goods unexplained will justify a conviction for larceny, the mere possession of goods several months subsequent to the time they were alleged to have been stolen and a failure to satisfactorily account for such possession will not alone authorize a conviction." The court properly refused this requested charge because under all the facts and circumstances of this case such excerpt is not applicable. In *Austin* v. *State*, 89 *Ga. App.* 866 (81 S. E. 2d 508) this court said: "Knowledge and intent however, being peculiarly subjective may be inferred from circumstances. A charge as follows: 'If they were received under such circumstances as would cause him to reasonably believe that the goods were stolen, then, under the law, you would be authorized to convict,' was approved." It must be kept in mind that the tires in question in the instant case were found in a residence, not in a place of business, and ostensibly the tires had remained in the residence for over one and one-half months. The question of the lapse of time is a question for the jury, under all the facts and circumstances involved under the record. See *Walden* v. *State*, 83 *Ga. App.* 231 (63 S. E. 2d 232). This special ground is not meritorious.

3. Special ground 2 assigns error because it is contended that the court erred in failing to charge on the law of circumstantial evidence. In the first place, the evidence in the instant case is not wholly circumstantial. It is the law of this State that if there is any direct as well as circumstantial evidence to support a conviction, it is not reversible error for the court to fail to charge on the principle of law of circumstantial evidence. In *McNabb* v. *State*, 44 *Ga. App.* 306 (161 S. E. 369) this court said: "One is presumed to intend the natural consequences of his acts, and there being direct evidence that the defendant possessed tools commonly used for the commission of burglary and safe-cracking, . . . and only the intent having to be inferred, the trial judge, in the absence of a timely request, was not required to charge the law of circumstantial evidence." This special ground shows no cause for reversal.

The court did not err in any of the rulings.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*