## GRIMES vs. THE STATE OF GEORGIA.

An incomplete building, which carpenters are engaged in finishing, and where they have deposited their tools, protecting the building by closing the outer doors and fastening the windows with a canvas frame, is such a place of business as may be the subject of burglary under code, §4386; and if such canvas frame be broken, and the house be entered and tools stolen therefrom, the crime is burglary.

(a.) The opening of a door, though it may not be latched or fastened by bolts or locks, or the breaking of a pane of glass, or hoisting a window and effecting an entrance thereby, is a breaking within the meaning of the law.

(b.) The defendant was found in possession of some of the tools taken from the house shortly after the burglary, and failed to show satisfactorily how he came into possession of them; nor did the fact that other tools were found with his fellow-lodger, who, upon being accused of the burglary, ran away, acquit the defendant of participation in the crime.

October 26, 1886.

Criminal Law.   Burglary.   Before Judge RICHARD H. CLARK.   Fulton Superior Court.   September Term, 1885.

Reported in the decision.

F. R. WALKER, for plaintiff in error.

C. D. HILL, solicitor-general; JAMES MAYSON; W. P. HILL, for the State.

HALL, Justice.

The question made here is, whether an incomplete building, which carpenters are engaged in finishing, and where

they have deposited their tools, protecting the building by closing the outer doors and fastening the windows with a canvas frame, which was broken, and entered, and their tools stolen and carried away therefrom, is such a place of business as burglary, under the code, §4386, may be committed in. The tools of these carpenters were certainly "contained or stored" in the house where they were then carrying on their business. So the offence is charged in the indictment, and such is the meaning of the section of the code on which it is founded, as would seem to have been interpreted by this court in *Bethune's* case, 48 *Ga.* 505, 509, 510, where it was held that burglary might be committed in a house which was "the place of business of another, where valuable goods, wares or produce, or other articles of value are contained or stored;" that if it be not "the mansion or dwelling or store-house, it is sufficient to prove that it is the place of business of another where valuable goods, etc. are contained or stored," although that "business" may not be of the kind which is carried on in conducting a store-house. This would seem to be decisive of the question made here as to the character of the place where burglary may be committed. Although the house was not a store-house, and was not designed for the storage of goods, or to carry on a business similar to that which appertains to a store-house, yet the offence charged and proved in this case falls directly within the words contained in the code, "or other place of business of another where valuable goods, wares, produce, or any other articles of value are contained or stored," and repels the idea on which the defendant's counsel based his exception.

There was proof that the house was closed by fastening the outer doors and closing up the windows with canvas shutters on the evening before the burglary was committed, and that one of these shutters was broken down and the house was entered by the breach thus made. The opening of a door or hoisting a window, the breaking of a pane

of glass and effecting an entrance thereby, is a breaking within the meaning of the law. If the door be closed, it is not necessary to constitute burglary that it should be latched; if the door be shut and is kept in place only by its own weight, it is no matter that there were no fastenings by locks or bolts. 1 Wharton's Crim. L. §§759, 761, 767.

The defendant, recently after the burglary, was found in possession of some of the tools taken from the house, and he failed to show satisfactorily how he came in possession of them; the fact that other tools were found with his fellow-lodger, who, upon being accused of the burglary, ran away, did not acquit the defendant of participation in the crime.

Judgment affirmed.