LESTER *v.* THE STATE.

On the trial of an indictment for burglary, the possession by the defendant
of goods taken from the house at the time of the burglarious entry may
be shown, and will have more or less weight according to the recency of
the possession and the explanation given of such possession. Such posses-
sion can not, however, in any case, be sufficient to support a verdict of
guilty, unless the breaking and entering be clearly shown.

Argued January 16,— Decided February 1, 1899.

Indictment for burglary.    Before Judge Reese.    Oglethorpe
superior court.    October term, 1898.

*Samuel L. Olive*, for plaintiff in error.
*R. H. Lewis, solicitor-general*, by *Harrison & Bryan*, contra.

LITTLE, J.   We reverse the judgment of the court below, because the record in the case does not show sufficient evidence to support the finding of the jury.   To maintain a conviction for the offense of burglary, it is absolutely essential that proof of the breaking and entering be made.   It is not at all necessary for the character of evidence which establishes the corpus delicti to be positive and direct; but it is necessary that the corpus delicti be shown by evidence which is legal, admissible, and which establishes the fact beyond a reasonable doubt.   If one be found in the recent possession of goods shown to have been stolen from the house at the time of the breaking and entering, such possession is sufficient to connect the person in possession with the perpetration of the offense.   But it is not of itself conclusive.   *Jones* v. *State*, 105 *Ga.*   In this case there were no external or internal evidences that the house was broken.   The theory of the State was that it was entered by the unlocking of the door by some person unauthorized, but there was no proof, direct or circumstantial, that such was the case, other than from the fact that the property was stolen from the house and apparently no other entry could have been made than by the means of unlocking the door.   The loss of the property seems to have been relied on as a proof of the entry, and the possession of the defendant to be taken as a fact sufficient to authorize his conviction of the breaking and entering.   This is not sufficient.   As it is necessary, when the recent possession of goods stolen from the house at the time of a burglarious entry is relied on, to connect the defendant with such entry, the breaking and entering must be clearly shown before the circumstance of possession can, in any way, connect the defendant with the offense charged.

*Judgment reversed.    All the Justices concurring.*