## HUMPHRIES, *alias* DAVIS, *v.* THE STATE.

Under the facts stated in the question propounded by the Court of Appeals the jury were authorized to find that there had been a breaking and entering of the house in question.

No. 1435.   OCTOBER 15, 1919.

Questions certified by Court of Appeals (Case No. 10424).

*Parks & Stone* and *Hubert F. Rawls,* for plaintiff in error.

*John P. Ross, solicitor-general,* contra.

BECK, P. J. The Court of Appeals desire instruction from the Supreme Court upon the following questions, a determination of which is necessary for the decision of this case:

"The undisputed evidence shows, that Roscoe Carter, his wife and baby, and a man named Banks lived in the same house, and occupied the entire house; that on Thursday, September 5, 1918, Carter and Banks left the house about half past five in the morning, and went to their work about a mile away, and Carter's wife left about an hour later, with her baby, and went to the field to pick cotton, leaving no one in the house. There were three rooms and two front doors, and a back door to the house; and after fastening all the windows and locking the back door and one of the front doors from the inside, she locked the other front door from the outside, and left them in that condition. The door which was locked from the outside had an ordinary lock, but the key had to be inserted bottom upwards. On her return about sundown, before her husband and Banks arrived, she found the house locked and closed, apparently just as she had left it. After unlocking and entering the house she noticed that the lid of a trunk was raised, and the tray of the trunk was on a bed, and several articles of her husband's wearing apparel were gone from the trunk. She looked in another room of the house, and discovered that two suits of clothes, three other pairs of pants, a suit-case, a black hat, and a shirt were gone. Some of these clothes belonged to Carter and some to Banks. She noticed a little mud on the porch at the front door, but could not see the prints of a shoe on the porch. Two days afterwards some of the stolen articles were found and reclaimed in a pawn-shop. ·

"1. Is the foregoing evidence sufficient to authorize a finding that there had been a breaking and entering of the house?

"2. Is the decision in *Lester* v. *State*, 106 *Ga.* 371 [32 S. E. 335], that the evidence there was not sufficient to show a breaking and entering, a correct ruling?"

The evidence set forth in the question propounded by the Court of Appeals is sufficient to authorize a finding that there had been a breaking and entering of the house. And this is not in conflict with the decision in the case of *Lester* v. *State*, 106 *Ga.* 371 (32 S. E. 335), where it was held that the evidence was not sufficient to

31

show a breaking and entering. An examination of the record in the case just referred to discloses that certain material facts do not appear in the official report of that case; but when those facts are considered, the ruling made by the court was undoubtedly correct.

*All the Justices concur.*