### 10424. HUMPHRIES, alias DAVIS, v. THE STATE.

BLOODWORTH, J. The motion for new trial in this case contained the usual general grounds only. The sole question for determination was whether or not the evidence was sufficient to show that there had been a breaking and entering of the house alleged to have been burglarized. The members of this court thought the evidence sufficient to establish the burglary, but the decision in *Lester* v. *State,* 106 *Ga.* 371 (32 S. E. 335), seemed to forbid such a finding. This court therefore certified to the Supreme Court the following questions: "1. Is the foregoing evidence [the evidence in this case] sufficient to authorize a finding that there had been a breaking and entering of the house? 2. Is the decision in *Lester* v. *State,* 106 *Ga.* 371, that the evidence there was not sufficient to show a breaking and entering, a correct ruling?" The Supreme Court answered both questions in the affirmative, holding that "the evidence set forth in the question propounded by the Court of

Appeals is sufficient to authorize a finding that there had been a breaking and entering of the house. And this is not in conflict with the decision in the case of *Lester* v. *State*, 106 *Ga.* 371, where it was held that the evidence was not sufficient to show a breaking and entering. An examination of the record in the case just referred to discloses that certain material facts do not appear in the official report of that case; but when these facts are considered, the ruling made by the court was undoubtedly correct." 149 *Ga.* 480 (100 S. E. 637).

There being evidence to authorize the verdict, the judgment is

*Affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED NOVEMBER 4, 1919.

Indictment for burglary; from Bibb superior court—Judge Mathews.

For the facts, see the report of this case in 149 *Ga.* 480 (100 S. E. 637).

*Park & Stone, Hubert F. Rawls,* for plaintiff in error.

*John P. Ross, solicitor-general,* contra.