## 13049.  SIRMANS *v.* THE STATE.

1. The indictment was not demurrable on the ground that it was an attempt to join a charge of larceny from the house in one count with a charge of burglary, and that so much of it as attempted to charge larceny from the house was insufficient.

2. When the jury rendered a verdict of guilty, with a recommendation that the defendant be punished as for a misdemeanor, it was not

error for the court to direct the jury to fix a maximum and a minimum penalty.

(a) The amendment of the verdict was not harmful to the defendant, since by the sentence of the court the punishment was that of a misdemeanor.

3. Where there is evidence that an article which was in a room when the room was locked in an afternoon was missing when the room was opened the next morning, and it is testified by the owner of the article and occupant of the room that the only way the room could have been entered was by opening the door with a key, the evidence is sufficient to authorize the jury to find that there was a breaking and entering of the room.

4. It was not error for the court to require a witness for the defendant, on cross-examination, over the objection that there was better evidence as to the facts, to testify as to his service in the chain-gang and his payment of fines.

DECIDED JANUARY 18, 1922.

Indictment for burglary; from Lowndes superior court — Judge Thomas. October 22, 1921.

As to the testimony referred to in the 4th headnote it was objected that " if the witness was charged with a violation of the penal statute, there is higher and better evidence, to wit: the accusation and the bill of indictment, and the charges that have been entered on the books of the court;" and that if the witness served a term on the chain-gang, there is better evidence of that fact.

*R. A. Hendricks,* for plaintiff in error.

*C. E. Hay, solicitor-general,* contra.

BLOODWORTH, J.    1.    The indictment in this case charged " the offense of burglary, for that the . . defendant did, . . unlawfully and with force and arms, the storehouse of J. G. Barnes, to wit, an office in the Dalton building in the City of Valdosta, said county, in which office valuable goods were kept and stored, there situate, break and enter with intent to commit a larceny, and, having so broken and entered, one fur, known as a taupe cross fox neck piece, of the personal goods of J. G. Barnes, and the value of $67.50, in said house then and there being found, did wrongfully, fraudulently, and privately take therefrom and carry away with intent to steal the same." The court did not err in overruling a demurrer which alleged that " there is a faint attempt in the indictment to charge the defendant in one count in said indictment with both the offense of burglary and larceny from the house, but the language is entirely insufficient in law

··to charge the offense of larceny from the house, and do [so ?] much of said indictment as attempts to charge larceny from the house should be stricken for the reason that good pleading requires that each offense be separately charged, in separate counts, and where this is not done the offense of larceny from the house must be plainly and fully set out, in the count of burglary, and this charge is then sufficient only in the absence of special demurrer."

2. The bill of exceptions alleges that "the jury, having deliberated on the case after same was submitted to them, returned into court their verdict in words and figures as follows, to wit: 'We the jury find the defendant guilty. This the 23d day of August, 1921, and recommended that he be punished as for a misdemeanor. J. R. Harris, Foreman.' The court instructed the jury as follows: 'Your verdict is not in proper form. It will be necessary for you to return to your jury room and fix the minimum and maximum penalty.' Whereupon the jury retired and corrected the verdict so as to read as follows: 'and make a minimum of one year and a maximum of two years.'" The sentence of the court imposed a punishment of twelve months in the chain-gang, with the provision that it might be discharged after six months' service, by payment of a fine of $1,000. "The instructions of the court and the verdict of the jury as corrected under instructions by the court" were proper. Moreover, if erroneous, this was not harmful to the defendant, as he was "punished as for a misdemeanor."

3. When an article is left in a room in the afternoon and the door is locked, and when the door is opened the next morning, the article is missing, and it is testified by the owner of the article and occupant of the room that the only possible way that the room could have been entered was by opening the door with a key, this is sufficient to authorize the jury to find that there was a breaking and entering of the room. *Humphries* v. *State,* 149 *Ga.* 480 (100 S. E. 637) ; same case 24 *Ga. App.* 313 (100 S. E. 791).

4. For no reason urged was it error to admit the testimony of which complaint is made in ground 8 of the motion for a new trial.

5. There is no error in any of the excerpts from the charge of which complaint is made in the motion for a new trial.

6. The evidence authorized the verdict; no error of law is

shown to have been committed on the trial; and the motion for a new trial was properly overruled.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*