33443.   GENTRY *v.* THE STATE.

Decided February 15, 1951.

*James B. Langford,* for plaintiff in error.
*Warren Akin, Solicitor-General,* contra.

TOWNSEND, J. (After stating the foregoing facts.) The motion for the new trial is on the general grounds only, and it is contended by counsel for the defendant that although the recent possession of the revolver by the defendant unaccounted for by him to the satisfaction of the jury might be sufficient to authorize the conviction of the defendant for some crime, he could only be guilty of larceny from the house and not burglary because it was nowhere shown that there had been a breaking and entering of the dwelling house within the meaning of the law relating to burglary as set out in Code § 26-2401.

It is sufficient to authorize a finding that there has been a breaking and entering of a house to prove that, when the house was vacated, all the doors and windows by which one could gain access thereto were closed and fastened, and that, before the return of the occupants, it must necessarily have been broken and entered because goods were stolen during the time the house, in such condition, was unoccupied, even though the exact means of breaking and entering be unascertained. *Humphries* v. *State,* 149 *Ga.* 480 (100 S. E. 637). But such evidence, being merely circumstantial, would not support the conclusion that a breaking and entering had taken place unless it negatived every other reasonable hypothesis that the entry might have been made in some other fashion. The opening of a closed door will constitute a breaking, although the door is not latched. *Grimes* v. *State,* 77 *Ga.* 762 (4 Am. St. R. 112); *Bloodworth* v. *State,* 9 *Ga. App.* 61 (70 S. E. 892). However, an entry made through an open window will not constitute a breaking, even though it was necessary to push aside the window curtain to gain access to the house. *Cook* v. *State,* 63 *Ga. App.* 358 (11 S. E. 2d, 217).

And where there is no external evidence of a breaking and entering, and the testimony on which the State relies to prove this point does not unequivocally negative every other method by which access could have been obtained, the crime of burglary has not been proved. See *Mosley* v. *State*, 49 *Ga. App.* 147 (174 S. E. 543) ; *Slappey* v. *State*, 50 *Ga. App.* 17 (176 S. E. 908).

In the present case the testimony showed that the front and back doors were shut but not locked. This constituted the sum total of the evidence as to the means of access to the interior of the house. A witness for the State testified as to having examined the windows after the theft, and having found no marks on them. The evidence is entirely silent as to whether these windows were open or closed when the prosecutor and his wife left the house, nor does it appear whether they were screened or unscreened. In consequence, the presumption of a breaking and entering which arose in the *Humphries* case is not applicable here. As was stated in *Slappey* v. *State*, supra, "Of course, if the door was open and the defendant went in the open door without opening the same, he would not be guilty of burglary; and it seems to us that it is wholly uncertain whether the back door was closed at the time the defendant went out to feed his horse, so as to show there was such a breaking as is necessary to constitute burglary." Here it is wholly uncertain as to whether the defendant entered by a door, window or in another manner, and if he entered through an open window without opening the same his action does not constitute burglary. The evidence is therefore insufficient to support the conviction.

The trial court erred in overruling the motion for a new trial.

*Judgment reversed. MacIntyre, P.J., and Gardner, J., concur.*