35733.   COWART *v.* THE STATE.

DECIDED JUNE 17, 1955.

*Robert J. Duffy, McGowan & McGowan,* for plaintiff in error.
*Andrew J. Ryan, Jr., Solicitor-General,* contra.

TOWNSEND, J. █ The prosecutor, G. J. Deuitsch, testified that he, his wife, and two children lived in a corner apartment on the second floor of an apartment house, which consisted of a living room, one bedroom, and a bath; that the living-room window leads onto the roof of a car shed; that it was closed when they went to bed and the front door was locked; that he awoke during the night, hearing persons talking in the living room, and one said to the other, "Come on, Sam, let's go"; that as soon as they left he went to the living room and found both the door and window open, ascertained what was missing, and went down to report the theft. W. L. Dixon, the watchman for the building, observed two men, identified by him as Sam Smith and the defendant, enter the building and use the self-service elevator a little after 3 a. m. on the morning in question; they came down in the elevator about ten minutes later and entered an automobile in the car shed, which did not belong to them; on being accosted by the watchman they went off in the direction of the park, one following the other. Within five minutes of the time they returned to the ground floor in the elevator, Deuitsch reported to him the fact that persons had been in his apartment.

About 3:50 a. m. a policeman in the park heard two persons, one positively identified as Sam Smith, and the other as having

the build and appearance of the defendant, carrying on the following conversation: "Did you get the pocketbook?" "Yes, I got it." "Did it have any money in it?' "Let's see—isn't that a five?" "Yes, and here's a ten, too." At that point the policeman succeeding in arresting Smith, but the other person fled. Smith had on him Mrs. Deuitsch's pocketbook, money, papers, car keys, and an earring identified as having been a part of the contents thereof. Inquiries were made at the defendant's home, and he voluntarily surrendered the following evening.

This evidence was ample to sustain the conviction of the defendant. It is contended that the evidence as to a breaking is not sufficient under the rule in *Gentry* v. *State*, 83 *Ga. App.* 330 (63 S. E. 2d 611), and similar cases, to the effect that, where there is no external evidence of a breaking and entering, the testimony must unequivocally negative every other method by which access could have been obtained; and that, if the defendant entered through an open window, the crime would not be burglary but would be larceny from the house. There was no evidence that the door was forced. The prosecutor testified: "The vacant apartment was at the other end of the building, and it is possible for someone to come down that shed and through the window into my apartment." Testimony that the window and door were closed when the prosecutor and his family went to bed, and that they were asleep when the entry was made, is sufficient in our opinion to show a breaking through the window, which was found open when they awakened and investigated, as against the contention that some other member of the family might have come out and opened the window after the family retired for the night. The testimony that the defendant and Sam Smith entered and left the building together, that two people, one named Sam, were in the apartment; that the prosecutor followed these persons down and arrived within 5 minutes of the time Sam and the defendant left, and that within 15 to 45 minutes thereafter Sam was arrested with the stolen property on his person, is sufficient to authorize the verdict of guilty. *Daniel* v. *State*, 48 *Ga. App.* 789 (1) (173 S. E. 485) ; *Humphries* v. *State*, 149 *Ga.* 480 (100 S. E. 637) ; *Mitchell* v. *State*, 69 *Ga. App.* 771 (1) (26 S. E. 2d 663) ; *Campbell* v. *State*, 53 *Ga. App.* 380 (1) (186 S. E. 137).

■ It follows that the trial court did not err, as contended in

the special ground of the motion for a new trial, in charging on the presumption of guilt arising from recent possession of stolen goods, under the circumstances of this case, the stolen goods having been found in the possession of Smith rather than that of the defendant. The evidence was sufficient to authorize the finding that the burglary was the joint act of the defendant and Sam Smith, and thus to show a conspiracy between them for this purpose. Accordingly, the possession of the stolen goods by either of them was in law the possession of both, and the law regarding an inference of guilt arising from such possession was also equally applicable. Code § 38-306; *Horton* v. *State*, 66 *Ga.* 690; *Kryder* v. *State*, 57 *Ga. App.* 200 (3) (194 S. E. 890).

The trial court did not err in denying the motion for a new trial. *Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*