## JAQUES *et al. v.* THE STATE.

LUMPKIN, P. J. 1. When persons on trial for crime put their characters in issue and introduced a witness who testified that the same were good, it was error for the presiding judge to ask the witness if he had ever-known the accused "to do any honest work," and to press .upon him other inquiries the nature of which manifestly indicated that the judge did not believe the accused were persons of good character. In thus acting the judge violated the provisions of section 1032 of the Penal Code.

2. In addition to the error above indicated, the court on the trial of the present case erred further in admitting hearsay testimony; and in giving a charge to the effect that the testimony in behalf of the State, if true, made a case of robbery by intimidation; this charge being unwarranted for the reason that if the crime of robbery was committed at all, it was, under the evidence, necessarily robbery by force.

3. There is no merit in any of the special grounds of the motion for a new trial not dealt with above, nor do they, singly or collectively, present any question of special importance.

*Judgment reversed. All the Justices concurring, except Fish, J., absent.*

Argued April 23,—Decided May 11, 1900.

Indictment for robbery. Before Judge Felton. Bibb superior court. November term, 1899.

*M. Felton Hatcher* and *Jere M. Moore,* for plaintiffs in error. *Robert Hodges, solicitor-general,* contra.

---

## CALLOWAY *v.* THE STATE.

COBB, J. While recent possession of stolen goods unexplained will justify a conviction for larceny, the mere possession of goods several months subsequent to the time they were alleged to have been stolen and a failure to satisfactorily account for such possession will not alone authorize a conviction.

*Judgment reversed. All the Justices concurring, except Fish, J., absent.*

Submitted April 28,—Decided May 12, 1900.

Accusation of larceny. Before Judge Parks. City court of Dawson. March 19, 1900.

*Frank L. Parks* and *L. C. Hoyl,* for plaintiff in error. *M. J. Yeomans, solicitor,* contra.