## 30044. FINDLEY *v.* THE STATE.

DECIDED·MAY 14, 1943.

*Alfred Herrington Jr., W. N. Gerrald,* for plaintiff in error.
*W. H. Lanier, solicitor-general,* contra.

GARDNER, J. The defendant excepted to the judgment overruling his motion for new trial, complaining of his conviction of hog stealing, on the general grounds only. The evidence discloses that several parties, including the prosecutor, owned a number of hogs on an open range. The prosecutor was informed that some one had been on the range with a wagon catching and hauling hogs of prosecutor therefrom. The prosecutor in company with officers followed a wagon track from the range to within a short distance of the defendant's home. The defendant was not at his home but was found at the home of his father-in-law, not far away. When accosted concerning the hogs, in the first conversation he said that "He hadn't got any hogs." After further conversation he admitted having obtained hogs and having sent them across the river. When the officers started with defendant across the river, before they had gone very far defendant stated that the hogs were in a pen near his house. The prosecutor positively identified the hogs as belonging to him. The State's evidence further shows that on a previous occasion, the defendant was caught illegally removing hogs from the range owned by a neighbor of prosecutor. The prosecutor and his neighbors prevailed on the court to stay that prosecution for the purpose of allowing the defendant to join the army and on defendant's promise that he would not further molest the hogs on the range. The defendant, in his statement and by evidence, contended that the hogs which he caught in the instant case did not belong to the prosecutor but belonged to a third person who had a

claim for hogs on the range, which third person had authorized defendant to catch said hogs. He also contended, and with some color of legitimate inference, that if the hogs for which he was being prosecuted belonged to defendant, they were taken without intent to steal them, but in good faith for the use of such third person. We have not attempted to set out all of the evidence either for the State or for the defendant, but only a sufficiency thereof to set forth the contentions of each.

The defendant, having been found in the recent possession of the property, under the evidence it became a jury question as to whether he satisfactorily explained the possession. The jury refused to accept his explanation. In this connection the jury were authorized to consider the contradictory statements of the accused when questioned by the officers with reference to the hogs. Also they were authorized to consider, for the purpose of illustrating the intent of the defendant, the previous occasion of stealing hogs from the range. The evidence amply sustains the verdict.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*