30664.   NESBIT *v.* THE STATE.

DECIDED NOVEMBER 16, 1944.

*James R. Venable, Frank A. Bowers, Jackson·L. Barwick,* for plaintiff in error.

*Lindley W. Camp, solicitor, John A. Boykin, solicitor-general, Guy Tyler, Durwood T. Pye,* contra.

MacINTYRE, J. The testimony of the officer showed that the defendant came to the officer (and not that the officer went to him) and told the officer that he had pawned two axes; that Cliff Martin gave him the two axes; and that the officers found the axes in the pawnshop pawned in the defendant's name. Clifford Martin, the other witness for the State, testified: "I went and got those axes and let Paul Nesbit, the defendant, pawn them." The State can not impeach its own witness. However, the State is permitted to disprove the facts testified to by its witnesses. The fact that Cliff Martin told the officer that the defendant took two of the axes and he took one, it not being shown that this statement was made in the presence of the defendant, was hearsay evidence and of no probative value. The defendant denied his guilt and stated that, "after I found out and learned that they [the axes] were stolen, I got hold of him [Martin] and had him arrested, . . then the next night he sent the detectives out to my house—said I took two and he took one. He was mad with me because I told on him after I learned the two axes were stolen." Also it might be well to note that it does not appear that the possession of the defendant was recent possession. Possession which is not recent, is only a circumstance which may be considered along with other circumstances in determining the guilt or innocence of the accused, and is not sufficient alone to establish his guilt. *Harper* v. *State,* supra. In all cases where possession of stolen property is relied on to establish guilt, either possession must be shown to have been recent after the property was alleged to have been stolen, or it must be strengthened by other evidence. *Turner* v. *State,* 114 *Ga.* 45, 48 (39 S. E. 863). The rule relied upon by the State in *McAfee* v. *State,* 68 *Ga.* 823, is based on proof of recent possession, whereas, in the instant case, we find no evidence in the record that possession of the stolen property was recent. The judge of the superior court erred in overruling and denying the certiorari.

*Judgment reversed. Broyles, C. J., and Gardner, J., concur.*