30719. GUY *v.* THE STATE.

DECIDED APRIL 20, 1945.

*Frank S. Twitty,* for plaintiff in error.

*M. E. O'Neal, solicitor-general, pro tem.,* contra.

MacIntyre, J.  The judge charged the jury in part as follows: "You may believe part of the statement of the defendant

and part of the testimony, you being the sole and exclusive judges as to whom you will believe and as to what you will believe." The plaintiff contends that, "when the court attempted to charge any of the law regarding the credibility of witnesses, he was under the duty to fully instruct the jury as to all the phases regarding the credibility of a witness." The excerpt complained of, in so far as it related to witnesses, was, in effect, charging the Code section that the "credibility of a witness is a matter to be determined by the jury." § 38-1805. "There being no request to instruct the jury as to the rules by which to test the credibility of witnesses, the omission of such instruction is not cause for a new trial." *Freeman* v. *Coleman*, 88 *Ga.* 421 (3) (14 S. E. 551); *Pressley* v. *State*, 132 *Ga.* 64 (63 S. E. 784); *Sconyers* v. *State*, 67 *Ga. App.* 902, 906 (21 S. E. 2d, 504). This ground is not meritorious.

■ In special ground 2 the defendant contends that it was reversible error for the court to fail to charge the law of voluntary manslaughter based on mutual combat. It seems to us that there was no phase of the evidence which would authorize a finding of mutual combat. The evidence was to the effect that at the time of the shooting the defendant was himself the aggressor, and that Lane advanced toward him only after being shot at; that he took the pistol away from him and held him down until the police arrived; that he did not otherwise strike or harm the defendant, and that his intention was not to fight or enter a combat, but was to resist being injured by the defendant. Even if the defendant's statement would have authorized a finding that there was a mutual combat, the Supreme Court "has frequently decided that the judge may construct his charge upon the various issues made by the evidence; and that if a defense is set up in the statement alone, it is not error for the judge to omit submitting the law appropriate to such defense, in the absence of a timely written request." *Watson* v. *State*, 136 *Ga.* 236, 239 (71 S. E. 122); *Carter* v. *State*, 15 *Ga. App.* 343 (83 S. E. 153); *Wilensky* v. *State*, supra. The substantial law covering the issues made by the pleading and the evidence, which is the law of an assault with intent to murder and the law of shooting at another, was given. *Savannah Electric Co.* v. *Jackson*, 132 *Ga.* 559, 562 (4) (64 S. E. 680); *Duhart* v. *State*, 18 *Ga. App.* 287 (89 S. E. 343); *Ferguson* v. *State*, 17 *Ga. App.* 811 (89 S. E. 589). This ground is not meritorious.

■ Special grounds 3 and 4 contend that nowhere in the entire charge is there any suggestion to the jury under what circumstances they would be authorized to find that the defendant was justified in his acts. The Code, § 26-1017, provides: "The homicide appearing to be justifiable, the person indicted shall, upon the trial, be fully acquitted and discharged." There was no request to charge, and the failure of the judge, in an assault-with-intent-to-murder case, to charge the jury the provisions of this Code section will not be reason for granting a new trial, when it appears from the charge that the jury were informed that if they found the contention of the accused to be true they must return a verdict of not guilty. *Nix* v. *State,* 120 *Ga.* 162 (3) (47 S. E. 516); See also *Carter* v. *State,* supra; *Wilensky* v. *State,* supra; *Watson* v. *State,* supra; *Duhart* v. *State,* supra; *Ferguson* v. *State,* supra. The failure to charge the provisions of this Code section without request was not reason for granting a new trial in the instant case.

■ In special ground 5 of his motion for new trial, the defendant seems to concede that the following rule, to wit: "In charging section 70 of the Penal Code [§ 26-1011], failure to explain to the jury the meaning of the word 'felony,' used therein, is not cause for a new trial, in the absence of an appropriate and timely request so to do," controls the exceptions in this ground adversely to him, as there was no written request to so charge. *Smith* v. *State,* supra.

■ In special ground 6 the following excerpt from the charge is assigned as error: "If you should believe the defendant assaulted the person named in the accusation in the manner charged, that the assault was unlawful, malicious, and with a weapon that, as used, was likely to kill, and that the assault was made with the intent and purpose on the part of the assailant to kill the person named in the accusation, then and in that event, the jury would be authorized to find the defendant guilty of the offense of assault with intent to murder, and the form of your verdict would be, 'We, the jury, find the defendant guilty of the offense of assault with intent to murder.'" The defendant contends that this excerpt was erroneous, in "that it left out one of the essential elements in determining whether or not the defendant would be guilty of assault and intent to murder. The part omitted is as follows: 'Without justifying or mitigating circumstances.'" The excerpt excepted to is almost in the language of this court in *Reddick* v.

*State,* 11 *Ga. App.* 150 (2) (74 S. E. 901); and complies with the rule there stated. See also in this connection, *Shelton* v. *State,* 11 *Ga. App.* 148 (74 S. E. 846). This ground is not meritorious.

In special ground 7 the charge excepted to is as follows: "I charge you further, gentlemen, that you are the judges of both the law and fact in criminal cases. The law you take from the court as given you in charge, and the facts you get from the witnesses who appear and testify and from the statement of the defendant and to the one you apply the other and make your findings." The defendant contends that this excerpt was erroneous "because it was confusing as to what the court meant by the statement, 'and to the one you apply the other and make your findings.' " Whether he meant that they should apply the statement of the defendant to the law, or the facts to the law, or the law to the facts, we think that it is clear that the jury understood the charge to mean that they, the jury, were to apply the law to the facts as they got the facts from the evidence and the defendant's statement. This ground is without merit. *Green* v. *State,* 52 *Ga. App.* 290, 293 (183 S. E. 204).

7. The evidence authorized the verdict.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*