### 31175. RUMPH v. THE STATE.

MacINTYRE. J. 1. "'A jury in arriving at a conclusion upon disputed issues of fact may believe a part of the testimony of a witness or witnesses, and reject another part thereof, it being their duty to ascertain the truth of the case from the opinion they entertain of all the evidence submitted for their consideration.' *Sappington* v. *Bell*, 115 *Ga.* 856 (1) (42 S. E. 233)." *Reaves* v. *Columbus Electric & Power Co.,* 32 *Ga. App.* 140, 151 (122 S. E. 824).

2. In determining whether the offense was an assault with intent to

murder or shooting at another, it is the prerogative of the jury to believe certain parts only of the defendant's statement and to combine those parts with certain parts only of the evidence. *Goldsmith* v. *State*, 54 *Ga. App.* 268, 271 (187 S. E. 694).

3. Applying these rules of law to the evidence, under one phase of the evidence the jury were authorized to find that the shooting was done with the intent to kill, but in the heat of passion generated by an actual assault made by the prosecuting witness upon the accused, and the killing, if it had occurred, would have been voluntary manslaughter. Under another phase of the evidence the jury were authorized to find from the evidence introduced by the State that the shooting was done unlawfully but without any intent to kill. Under either phase of the evidence the verdict of the jury finding the defendant guilty of shooting at another was authorized.

4. The court did not err in overruling the motion for a new trial, containing the general grounds only.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*

Decided July 9, 1946.

*George B. Culpepper Jr.,* for plaintiff in error.
*Charles H. Garrett, Solicitor-General,* contra.

