31821. WAKEFIELD, *alias* WINGFIELD *v.* THE STATE.

DECIDED DECEMBER 5, 1947.

272

*Frank A. Bowers, James R. Venable,* for plaintiff in error.

*Paul Webb, Solicitor-General, John I. Kelley, Solicitor, J. Walter LeCraw,* contra.

TOWNSEND, J. (After stating the foregoing facts.) The State relies upon the possession of the stolen tablecloth in the defendant, and her statement that the tablecloth had been given her by Mrs. Berliant, and her admission on the stand and by way of explanation of her possession that it came from the home of Mr. and Mrs. Berliant. The evidence is silent as to when the tablecloth was missed from the home of the prosecutor. Indeed there is no evidence that this particular article was ever missed at all until it was found in the home of the defendant. The nearest the evidence fixes the missing of any articles of laundry is along during a nine-month period prior to March 3. The defendant in her statement admitted possession of the tablecloth and that it came from the Berliant home, contending that Mrs. Berliant had given it to her. This was denied by Mrs. Berliant.

The defendant relies upon the failure of the State to prove that the possession in the defendant was recently after the tablecloth was missing from the Berliant home, and upon the ex-

planation of the defendant as to the possession, to the effect that it had been given to her by Mrs. Berliant. As to recency of possession, the State relies upon the case of *Shaneyfelt* v. *State*, 24 *Ga. App.* 555 (2) (101 S. E. 592), holding as follows: "Whether the inference of guilt which may arise from recent possession of stolen goods should be drawn where several weeks elapse between the theft and the finding of the goods in the defendant's possession is a question for the jury." The State also relies on *Coe* v. *State*, 37 *Ga. App.* 82 (138 S. E. 919), as follows: "Whether the inference of guilt which may arise from recent possession of stolen goods should be drawn where three months elapse between the theft and the finding of the goods in the defendant's possession is a question for the jury." The defendant relies upon the cases of *Falvey* v. *State*, 85 *Ga.* 157 (11 S. E. 607) ; *Griffin* v. *State*, 86 *Ga.* 257 (12 S. E. 409) ; *Lester* v. *State*, 106 *Ga.* 371 (32 S. E. 335) ; *Gravitt* v. *State*, 114 *Ga.* 841 (40 S. E. 1003, 88 Am. St. R. 63), and *Calloway* v. *State*, 111 *Ga.* 832 (36 S. E. 63). All these cases relied on by both the State and the defendant merely represent different applications of the rule of evidence to the effect that, where stolen goods are found in the possession of a defendant charged with larceny or kindred offenses recently after the commission of the offense, such fact authorizes the jury to infer that the accused is guilty, unless such possession is explained to its satisfaction. The rule itself constitutes an inference of fact and not of law. It is based upon a circumstantial fact from which the inference of guilt may be drawn in the absence of satisfactory explanation. While this court has held that the lapse of several weeks (*Shaneyfelt* v. *State*, supra), and three months (*Coe* v. *State*, supra), fail to take the element of *recency* of the possession from the jury, it has not been held that an indeterminate period of time, extending probably back for nine months leaves the element of *recency* in the province of the jury. Somewhere along the line it becomes the duty of the court to determine the admissibility of the evidence, and we are not called upon to decide that the instant case conforms to this rule. However, the reason for the element of *recent* possession in the rule of evidence on the trial of persons charged with the offense of larceny and kindred offenses—to the

effect that, where stolen goods are found in the possession of a defendant charged with larceny or kindred offenses, recently after the commission of the offense, such fact authorizes the jury to infer that the accused is guilty unless such possession be explained to its satisfaction—is that, if the possession be not recent, the mere lapse of time affords continuing opportunity for the stolen goods to pass through other hands, thus decreasing as the period of time grows the presumption of unlawful possession, and increasing, accordingly, the presumption of bona fide possession. Where, however, the defendant's explanation of possession of the stolen property is that it was lawfully procured from the owner, the reason for the *recent* element of the rule ceases to exist, and in such case the inference of guilt may be inferred without the element of *recency*.

In the instant case, the defendant having made a statement upon her trial explaining her possession of the tablecloth lawfully from the owner by virtue of a gift which was denied, the reason for the element of *recency* in the rule ceased.

The evidence was, therefore, sufficient to support the judgment of guilt entered by the trial judge. The record discloses that the home of the defendant was searched without a warrant. Speaking for the writer only, the flagrant violation of art. I, sec. I, par. XVI of the Bill of Rights of this State is looked upon with strong disfavor. This provision of the Bill of Rights is quoted as follows: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated; and no warrant shall issue except upon probable cause, supported by oath, or affirmation, particularly describing the place, or places, to be searched, and the persons or things to be seized." The violation of this provision of the Bill of Rights has not been sanctioned by our courts since the adoption of the Constitution of 1945, from which the foregoing provision is quoted. However, while the record in this case discloses a search without a warrant, this constitutional question was not raised by the assignments of error.

The judgment of the superior court overruling the certiorari is without error for any of the reasons assigned.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*