32829, 32830.   VINING *v.* THE STATE  (two cases).

Decided January 26, 1950.

*Edward J. Goodwin*, for plaintiff in error.

*Andrew J. Ryan Jr.*, Solicitor-General, *Sylvan A. Garfunkel*, *Herman N. Coolidge*, contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ Ground 1 of the amended motion for new trial in each case complains that the court erred in admitting in evidence three signatures of H. G. Davis, written by the defendant, to be used for the purpose of comparison with the bill of sale, on the ground that there was no expert testimony to show similarity of handwriting. There is no merit in this contention, as the jury may properly examine other documents in order to reach a conclusion upon a question of fact as to whether a signature is or is not genuine. See *Gibson* v. *Gibson*, 54 *Ga. App.* 187 (2) (187 S. E. 155); *Rogers* v. *Rogers*, 52 *Ga. App.* 548 (184 S. E. 404); *Wilson* v. *Barnard*, 10 *Ga. App.* 98 (3) (72 S. E. 943).

■ Special ground 2 complains of the admission in evidence, over objection, of blank forms of bills of sale found in the apartment of the defendant; the State contending that the defendant had stolen an automobile and forged a bill of sale thereto to himself, the presence of other unused bills of sale in his apartment, if not explained by the defendant, was a circumstance which the jury might consider in determining the guilt or innocense of the accused, since, under the State's theory, it would shed some light upon the availability of the means of carrying out the criminal enterprise.

■ Special ground 3 complains of the failure of the court, on motion, to grant a mistrial. The solicitor asked a witness for the defense, on cross-examination, whether he knew that the defendant had been previously convicted of motor theft in Kansas City, to which the witness replied that he did not. It appears from the record that no foundation had been laid for the introduction of previous convictions, and such a question was highly improper. The defendant undertook, however, to make to the jury, a detailed statement concerning his former conviction, and

his admission, therefore, rendered harmless the previous error. See *Broadnax* v. *State,* 31 *Ga. App.* 736 (122 S. E. 96). This ground of the amended motion is also without merit.

■ The jury was authorized by the evidence to convict under each indictment. The only evidence introduced by the defense was that of the garage owner, who failed to identify the defendant as the person renting the garage in which the stolen car was stored; the testimony of several persons from whom Vining had purchased or to whom he had sold automobiles, and his own explanation. This was that he had met Davis in the street and bought the Hinely car from him, and that thereafter Davis had given him the tag bearing the motor number of the Oliver car and requested that he obtain a license for it. This statement the jury chose to disbelieve. The possession of property recently stolen, not explained to the satisfaction of the jury, is sufficient to authorize it to infer that the accused is guilty. See *Morris* v. *State,* 47 *Ga. App.* 792 (171 S. E. 555); *Long* v. *State,* 62 *Ga. App.* 775 (9 S. E. 2d, 845).

The trial court did not err in overruling the motions for a new trial as amended.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*