32693. SHANKS v. THE STATE.

MACINTYRE, P. J. ■ The defendant was charged with assault with intent to murder and was found guilty of unlawfully shooting at another. He contended in specials grounds 4 and 5 that the court's charge on justification as it related to the crime of assault with intent to murder, and as it related to the crime of unlawfully shooting at another, was confusing and harmful to the defendant. When considered in their entirety the instructions on the assault with intent to murder feature of the instant case embraced the general principles of the law applicable to the facts of the case and distinctly stated the issues upon which the jury was to pass, including the issue whether the defendant was justified in his alleged assault upon the prosecutor with intent to murder; and likewise the instructions on the offense of unlawfully shooting at another, the other feature of the instant case, embraced the general principles of law applicable to the facts of the case and stated distinctly the issues upon which the jury was to pass, which included the issue whether the defendant was justified in shoot-

ing at the prosecutor, and it was not incumbent upon the court to attempt to summarize the evidence or to state the issues, including justification, more fully, in the absence of a timely written request so to do. We think that special grounds 4 and 5 are not meritorious. *Wilensky v. State*, 15 *Ga. App.* 360 (83 S. E. 276); *Mills v. Sanders*, 16 *Ga. App.* 298 (2) (85 S. E. 207); *Guy v. State*, 72 *Ga. App.* 395, 398 (33 S. E. 2d, 853); *Tabor v. Macon R. &c. Co.*, 129 *Ga.* 417 (59 S. E. 225).

2. Special ground 2 is not argued or mentioned in the brief of the plaintiff in error, and will be treated as abandoned.

3. On a trial for assault with intent to murder, the question of intent is for the jury. To authorize a conviction of assault with intent to murder, a deliberate intent to kill must be shown at the time of the assault. In order to authorize the inference of such intent, evidence is admissible to show the nature of the instrument used in making the assault, the manner of its use, the nature of the wound inflicted, that the prosecutor was rendered unconscious from such wound or wounds, 'taken to the hospital, and that, while he was released from the hospital in two weeks, the prosecutor still was required to keep reporting to the hospital for treatment of one of his wounds, inflicted by the defendant, at the time of the trial, some six months thereafter. *Reece v. State*, 60 *Ga. App.* 195 (1) (3 S. E. 2d, 229); *Manders v. State*, 69 *Ga. App.* 875 (4) (27 S. E. 2d, 105); *Wheeler v. State*, 65 *Ga. App.* 810, 811 (16 S. E. 2d, 489). Special ground 1 is without merit.

4. Special ground 3 complains that the trial court erred in expressing or intimating an opinion during a colloquy with the defense counsel on the trial. What opinion it is contended that the trial court expressed or intimated is not clearly pointed out. If we interpret the assignment of error correctly, the trial court merely instructed the defense counsel to adhere to certain rules of evidence. Counsel did not complain of the court's conduct at the time of the occurrence complained of, and cannot complain for the first time on a motion for new trial. *Smith v. State*, 79 *Ga. App.* 595 (54 S. E. 2d, 378).

5. "In determining whether the offense was an assault with intent to murder or shooting at another, it is the prerogative of the jury to believe certain parts only of the defendant's statement and to combine those parts with certain parts only of the evidence. *Goldsmith v. State*, 54 *Ga. App.* 268, 271 (187 S. E. 694)." *Rumph v. State*, 74 *Ga. App.* 73 (38 S. E. 2d, 884). Applying this rule to the instant case, the evidence authorized the verdict, and the court did not err in overruling the motion for a new trial for any reason assigned.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*

Decided January 28, 1950.

*R. D. Hartshorn*, for plaintiff in error.

*Paul Webb*, Solicitor-General, *Charlie O. Murphy*, *William Hall*, contra.