33853.   HINTON *v.* THE STATE.

DECIDED JANUARY 21, 1952.

250

*E. L. Reagan, Edwin S. Kemp,* for plaintiff in error.
*Roy Leathers, Solicitor-General,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ The defendant contends in the first special ground of the motion for a new trial that the court erred in failing to charge the provisions of Code § 38-1803 relative to the impeachment of witnesses by proof of prior contradictory statements and the sustaining of

such testimony by proof of general good character. No request was made for such charge, and the court did charge the law as to credibility of witnesses. "Where the judge charges the jury that the credibility of the witnesses is to be determined by the jury, and there is no request to instruct the jury as to the rules by which to test the credibility of the witnesses, the omission of such instructions is not cause for a new trial." *Guy* v. *State*, 72 *Ga. App.* 395 (1) (33 S. E. 2d, 853). Failure to charge on the effect of contradictory statements of the witness, without request, is not such error as to require the grant of a new trial. *Long* v. *State*, 127 *Ga.* 350 (4) (56 S. E. 444). Failure to charge on impeachment of witnesses generally is not error in the absence of request. See Code (Ann.), § 81-1101, catchword, "Witnesses"; *Phillips* v. *State*, 121 *Ga.* 358 (49 S. E. 290). This special ground is without merit.

■ The remaining special grounds are but amplifications of the general grounds and will be treated with them. Among the elements essential to a conviction for subornation of perjury are that perjury was committed; that it was committed in a judicial proceeding, that the defendant wilfully procured or induced the witness to commit such perjury, and that the offense must be shown by at least two witnesses, or by one witness and other corroborating circumstances. Here three witnesses testified as to the successful efforts of the defendant which induced them to swear falsely, the record of the judicial proceedings in which they so swore was introduced and testimony relating thereto was offered by the judge and court stenographer of that court, and the testimony of the witnesses was further circumstantially supported by the testimony of the sheriff who had delivered the subpoenas with the request to see the defendant, witnesses who saw the defendant and the three boys together afterward, and their own conduct as shown by their contradictory statements. Thus, the verdict was supported by the evidence and, having the approval of the trial court, will not be reversed.

*Judgment affirmed. MacIntyre, P.J., and Gardner, J., concur.*