### 34741. MORRIS *v.* THE STATE.

CARLISLE, J. Julian Morris, Carlus Copeland, Eddie Lee Wright, and Johnie Jackson were indicted for the simple larceny of two hogs. The description of the hogs in the indictment is as follows: one being a black and white spotted barrow, weighing about 150 pounds and of the value of $20, the other being a red gilt, weighing about 140 pounds and of the value of $18, both being the personal property of R. L. Hogan. All the defendants except Morris pleaded guilty, and he proceeded to trial alone and was convicted. His motion for new trial, based on the usual general grounds and seven special grounds, was denied and he has appealed to this court for a review.

1. It appears from the evidence that the prosecutor owned a large number of hogs which he had pastured on his property; that his employees missed the hogs described in the indictment; and that they had missed several hogs from the same pasture. Three of the defendants, Morris not among them, confessed that on or about February 20, 1950, they had stolen two "dark colored" hogs from the prosecutor's pasture. Assuming for the sake of argument that these confessions were made so as to have incriminated Morris as a participant in the larceny of two hogs, and that having been made in his presence without denial by him, his silence constituted an admission of his guilt of the larceny of two hogs (*Holl* v. *State,* 28 *Ga. App.* 758, 113 S. E. 49), still, the description of the hogs in the confessions is insufficient to establish that those hogs were the hogs described in the indictment; and thus, under this much of the evidence, the proof entirely fails to meet the allegations of the indictment as to description, and consequently there is a fatal variance.

*Davis* v. *State*, 63 *Ga. App.* 17 (10 S. E. 2d 138), and citations. If it be contended by the State that the description of the hogs was sufficiently established by the witness Larsen, an examination of his testimony will show that his identification of the hogs was either by hearsay, which has no probative value (*Nesbit* v. *State*, 71 *Ga. App.* 744, 32 S. E. 2d 207), or that, from the facts to which he testified and the inferences to be drawn therefrom, it was impossible for him to have identified the hogs which the defendants took away as those described in the indictment, and should have been rejected. *Patton* v. *State*, 117 *Ga.* 230 (43 S. E. 533). The evidence did not authorize the verdict, and consequently the trial court erred in denying the motion for new trial.

2. From what has been said in the foregoing division of this opinion, it is unnecessary to pass upon the special grounds of the motion for new trial.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

DECIDED SEPTEMBER 23, 1953.

*Lester F. Watson, M. H. Blackshear,* for plaintiff in error.
*W. W. Larsen, Solicitor-General,* contra.