## 38968. MATHIS v. THE STATE.

Townsend, Presiding Judge. 1. The first special ground of the motion for a new trial after conviction of the defendant for larceny of an automobile assigns error on the denial by the trial court of the defendant's renewed motion at the conclusion of the evidence to strike from the record all testimony regarding the defendant's alleged confession of the crime to two peace officers. It appears that the defendant was first apprehended in Atlanta, Ga., while riding in an automobile driven by another, which was stopped because it bore a stolen license tag; that both men were arrested; that during the investigation it was discovered that the automobile had also been stolen from its owner in Cartersville, Ga.; that the

defendant was first booked on "suspicion of larceny" and later charged with the theft of the tag; that he was held in jail in Atlanta somewhere between 30 hours and three days; that during this time a city detective interrogated him twice in interviews of less than an hour each time; that thereafter the Chief of Police of Cartersville, an officer of the Georgia Bureau of Investigation and the owner arrived in Atlanta and talked with the defendant and his companion who was also under arrest at that time for some period of time less than an hour in the city jail; that the prisoners and these three men then returned to Cartersville by automobile. The prisoners sat in the back seat. The peace officers did not testify positively as to where they sat, but the owner testified that he sat in the front seat between the two officers. The officers continued to talk with the prisoners, and the defendant's companion continued to urge him to tell the truth. At some point on the road the defendant admitted that his companion had nothing to do with the theft which had been accomplished by the defendant and a man named Eddie. On arriving in Cartersville the officer driving the car informed the defendant he was going to drive by the owner's house and the defendant pointed out the location where the automobile had been parked when it was stolen. The defendant in his statement said, "On the way up here the Chief of Police asked me did I steal the car, and I told him, 'No, sir,' and he came on at me, he drawed back and said maybe he ought to slap me, he acted like he was angry and I didn't want to get hurt, I had been hurt once like that, so I would have told him anything right then just to keep from getting beat up . . . When we got to this man's house that the car belonged to the Chief of Police said, 'Is this the place where you got the car?' and staring there right in a man's face, in my mind, I told him, 'Yes sir.' I just told him I was with Eddie when he stole the car, because I was afraid to, the way he was looking at me and the words he was speaking, I would have told him anything."

Testimony as to the confession was admitted in each case after the witness testified that the defendant had been informed that he did not have to say anything and had a right to counsel, and that he was not promised any reward or threatened in any way. The preliminary proof, in the absence of objection to the testimony, meets the requirements of *Lemon*

*v. State,* 80 Ga. App. 854 (57 SE2d 626) and was properly allowed in the first instance. The remaining testimony and statement of the defendant merely raised a question for the jury as to whether the confession had been freely and voluntarily made, and the motion to strike at the conclusion of the evidence was without merit. *Mangum v. State,* 201 Ga. 519 (40 SE2d 423); *Garrett v. State,* 203 Ga. 756 (48 SE2d 377); *Elliott v. State,* 87 Ga. App. 456 (74 SE2d 366).

Of course to be suspected of a crime does not constitute the violation of any law. However, the period of time when the defendant was unlawfully held in jail in Atlanta on the charge of "suspicion of larceny" does not appear to be the cause of his confession, and is accordingly immaterial to this decision.

2. Error is also assigned on an instruction that "recent possession of stolen goods, not satisfactorily explained, and in all cases such explanation must be made satisfactory to you gentlemen as the jury trying the case, may be sufficient to convict of larceny where the larceny has been established and where the jury believes from all of the evidence beyond a reasonable doubt that the accused is the guilty party." The charge is abstractly correct (*Vining v. State,* 80 Ga. App. 756, 57 SE2d 354) but it is contended that the evidence failed to show such recent possession as to authorize a charge on the subject because the automobile was not found in the possession of the defendant until five months after the theft. "Proof of recent possession of stolen property alone would authorize a conviction; but proof of possession of stolen property, which is not recent, would not alone authorize a conviction, but it is a circumstance which may always go to the jury." *Harper v. State,* 60 Ga. App. 684, 687 (4 SE2d 734). See also *Turner v. State,* 114 Ga. 45 (39 SE 863), where a period of 15 months was held not recent; *Calloway v. State,* 111 Ga. 832 (36 SE 63) where a period of "several months" was held not recent, and *Wakefield v. State,* 76 Ga. App. 271 (45 SE2d 675), where a period of 9 months was held too remote.

On the other hand, it was held in *Coe v. State,* 37 Ga. App. 82 (138 SE 919): "Whether the inference of guilt which may arise from recent possession of stolen goods should be drawn where three months elapse between the theft and the finding of the goods in the defendant's possession is a question for the jury."

In determining the question of guilt the jury may believe certain parts only of the defendant's statement and combine that portion which they believe with certain parts only of the evidence. *Shanks v. State,* 80 Ga. App. 759 (5) (57 SE2d 357). This defendant stated: "When this officer caught us down there I told him it was my sister's car, I had bought the car from Eddie and I hadn't seen Eddie in a couple of months, I paid him $100 down and I paid him one $50, I was supposed to pay him $50 a month, he wanted $400 for the car, and so I hadn't seen him in a couple of months. I had paid him one payment on it since I had had the car and I hadn't been in touch with him." The natural inference from this statement is that the defendant had had the automobile in his possession at least two and probably at least three months, and the conclusion that the defendant had had the automobile for some time is further supported by the testimony of the officers concerning what the defendant said to them, and what his companion said to them in the defendant's presence. Nothing appears in the record to support any contrary inference. The jury was therefore authorized to find that the defendant's possession of the stolen property was established as of at least two or three months after the theft, which period of time, under the *Coe* case, is sufficient to justify the submission of the question of recency of possession to the jury. In this case the other evidence, including the confession, the defendant's pointing out the scene of the theft to the officers, his failure in any way to identify the man from whom he claimed he had purchased the car and to whom he owed money payable monthly, and other circumstances materially strengthen the case. This court feels that even though it is approving the charge given here in the light of the qualifications made by the trial judge and in view of the *Coe* case, the doctrine that recent possession alone is sufficient to support a verdict of guilty of larceny is extremely dangerous where the article is one easily sold or transferred and the element of recency is not such that property of the character involved would not be likely to have changed hands in the normal course of events. It would be better practice for the court to include in his charge on this subject a further statement to the effect that the mere lapse of time affords continuing opportunity for the stolen goods to pass through other hands, thus decreasing as the period of time grows the pre-

sumption of larcenous possession, and increasing, accordingly, the likelihood of bona fide possession. *Wakefield v. State,* 76 Ga. App. 271, supra.

3. The general grounds of the motion for a new trial are abandoned.

The trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. Frankum and Jordan, JJ., concur.*

DECIDED JULY 14, 1961.

*James O. Goggins,* for plaintiff in error.

*Tom Pope, Solicitor-general, J. T. Pope, Jr.,* contra.

