### 68621. SMITH v. THE STATE.
(321 SE2d 771)

BANKE, Presiding Judge.

Theron Smith was convicted of two counts of burglary and one count of possession of tools for the commission of crime. He appeals the denial of his motion for new trial. *Held*:

1. When the State's attorney asked a witness whether appellant looked similar to a man whom he had seen at the site of one of the burglaries, appellant objected on the ground that the testimony called for a conclusion. The State's attorney responded: "Any identification is always an opinion. It's my opinion that's the man." Appellant contends that this remark constituted an improper expression of opinion as to his guilt.

At the hearing on the motion for a new trial, the State's attorney stated that the remark in question was not directed at appellant but rather was stated in the context that any witness who identifies a person thereby expresses an opinion. The trial court perceived the remark in the same context, not as an expression of personal opinion regarding appellant. After a careful examination of the transcript, we hold that the comment of the State's attorney did not constitute an improper statement of personal opinion. See generally OCGA § 17-8-75. Moreover, appellant made no motion for mistrial or request for cautionary instructions in response to the remark at trial. Thus, even assuming *arguendo* that the remark was improper, the issue was not preserved for review on appeal. See *Hudson v. State*, 250 Ga. 479 (4) (299 SE2d 531) (1983); *Whatley v. State*, 165 Ga. App. 13 (2) (299 SE2d 87) (1983).

2. Appellant contends that he was denied his right to effective assistance of counsel in that his trial attorney also represented two co-defendants, who were tried separately. The co-defendants testified in appellant's behalf, stating that they and two other individuals had committed the burglaries and that appellant had merely joined them afterwards, without knowledge of the burglaries. Appellant testified to the same effect.

Appellant raised no objection at trial to his counsel's representation. In such a situation, he has the burden of showing that an actual conflict of interest existed which impaired his attorney's performance. *Keen v. State*, 164 Ga. App. 81 (1) (296 SE2d 91) (1982). A mere possibility of conflict is insufficient to impugn a criminal conviction. *Barnes v. State*, 160 Ga. App. 232 (286 SE2d 519) (1981). In the instant case, appellant has failed to sustain his burden of establishing

that an actual conflict of interest existed.

3. The evidence was sufficient to authorize a rational trier of fact to find beyond reasonable doubt that appellant was guilty of all three offenses. See generally Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State*, 245 Ga. 89 (1) (263 SE2d 131) (1980).

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED SEPTEMBER 5, 1984.

*Alfred F. Zachry*, for appellant.

*William J. Smith, District Attorney, Bradford R. Pierce, Assistant District Attorney*, for appellee.