## 74540. ROGERS v. THE STATE.

(363 SE2d 846)

BEASLEY, Judge.

Appellant was convicted and sentenced on a four-count recidivist indictment for theft by taking of a 1985 Dodge Caravan on November 27, 1984 (OCGA § 16-8-2), driving without a license, concealing the identity of a motor vehicle by possessing and using a State of Alabama Dealer's Tag for the purpose of misrepresenting and concealing identity of the Caravan (OCGA § 40-2-5), and giving a false name to a law enforcement officer with the intent of misleading the officer as to his identity.

1. The first contention we deal with is that the conviction of theft by taking was not supported by the evidence. Viewed in favor of the verdict, it showed as follows. In late 1984, commercial pilot Myron Ramsdale's employer leased a 1985 Dodge Caravan which had a dealer drive-out tag imprinted with the name "Neal Pope." On October 4, 1984, Ramsdale put the van in an airport hangar at DeKalb Peachtree Airport, closed the hangar doors, and placed a heavy duty padlock on them. Two days later, Ramsdale returned and upon opening the hangar, he discovered that the van had been stolen and reported this to the police.

On November 27 a College Park police officer observed a Dodge Caravan going in and out of parking lots at one o'clock in the morning. It bore an Alabama dealer's tag. Prior to joining the local police force, the officer had been a policeman in Birmingham, Alabama, and knew that Alabama dealer tags are to be used only for transportation purposes during business hours. He decided to stop the van, pulled it over, and asked defendant for his driver's license. Defendant responded that he left his license at home and identified himself as "Michael L. Scott." When the officer asked about the dealer's tag, defendant stated that he bought the van in Alabama a few weeks previously and that the salesperson gave the dealer's tag to him. Unpersuaded, the officer placed defendant under arrest for driving without a license and using an improper tag.

During an inventory search, defendant's social security card was found. Confronted with the discrepancy between the name appearing on the social security card and the name which he gave the officer, defendant stated that Michael L. Scott was the name he used before he was married.

Subsequently, it was determined that the van was stolen and defendant was charged with its theft.

At trial, defendant testified that on the night in question his automobile, an old Firebird, broke down on the interstate highway, that he walked 4-½ miles to his sister's apartment and borrowed her friend Michael L. Scott's van, went and fixed his own car, and was

returning the van to Scott, whom he did not know. Scott could not be found to testify, either by defendant himself or by his sister. According to defendant, his sister was also unavailable to testify, because of a doctor's appointment. He also testified that the police officer did not ask him his name when the van was stopped but instead asked for the name of the owner of the van.

In *Bankston v. State*, 251 Ga. 730 (309 SE2d 369) (1983), the Supreme Court held that recent possession of stolen goods will not automatically support a conviction for burglary or theft under the *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560), standard. It stated: "Although there is still validity to the long-established rule that proof of recent, unexplained possession of stolen goods by the defendant is sufficient to create an inference that the defendant is guilty of the burglary of the goods, proof of recent, unexplained possession is not automatically sufficient to support a conviction for burglary. In *Williamson v. State*, 248 Ga. 47 (281 SE2d 512) (1981), we recognized the following: The *Ulster County, New York v. Allen*, 442 U. S. 140 (99 SC 2213, 60 LE2d 777) (1979) more-likely-than-not test is the appropriate one to employ in determining the Due-Process validity of allowing the factfinder to presume or infer an 'ultimate' or 'essential element' fact from an 'evidentiary' or 'basic' fact; under this test, it is rational to allow the factfinder to infer that the defendant is guilty of burglary based on proof of his recent, unexplained possession of stolen goods; however, if the only evidence supporting the conviction is the evidence giving rise to the inference or presumption, then under *Jackson v. Virginia*, such evidence must establish the offense beyond a reasonable doubt in order to be sufficient to support the conviction. 248 Ga., supra at p. 56."

In the case before us, defendant was found in sole possession of a stolen motor vehicle less than two months after the theft, giving rise to the inference that defendant committed the theft. Recent possession of the stolen van was not the only evidence that defendant was the thief who took the van and keys, or participated as a party in the taking, from the padlocked hangar.

Defendant gave two versions of its source, one at arrest and one at trial. The explanation to the police officer who stopped him, that he bought the van weeks earlier in Alabama, did not add up, and he abandoned that story. The fact that his initial encounter with the police while in possession of the van prompted a fictitious tale is affirmative supporting evidence of guilt. The fact that he gave a false name on that occasion in an effort to hide his identity is further affirmative supporting evidence of guilt. So is the fact that he concealed the identity of the van.

But even that is not all. As stated previously, at trial the defendant testified to a whole new explanation for his possession, which the

jury was authorized to find incredible. In the first place, if it had been true, there would have been no reason to make up a false story when stopped by the police.

This testimony, given in waiver of the right to remain silent and to not incriminate himself, became affirmative evidence of guilt because of its implausibility. This is not a case of "unexplained" possession but rather of explained possession where the explanation is not believed. See *Findley v. State*, 69 Ga. App. 410 (25 SE2d 717) (1943); *Godbee v. State*, 58 Ga. App. 412 (198 SE 800) (1938).

The black hole created by the two inconsistent renditions of the source of the stolen vehicle which defendant was in possession of, was thus another positive fact that the jury was authorized to take into account. Three explanations of its source were presented in this case. The first was abandoned by defendant before he testified. The second was arguably manufactured and apparently rejected by the jury, which decides credibility. It being a fact that defendant obtained possession of the victim's van at some time and place, this left the third explanation, based on a reasonable inference from all of what the jury heard, that it was defendant who obtained the van from the hangar in which it had been stored.

Recent possession (see *Mathis v. State*, 104 Ga. App. 190, 192 (2) (121 SE2d 267) (1961)), coupled with all of the other circumstances (see *Walden v. State*, 83 Ga. App. 231, 232 (3) (63 SE2d 232) (1951); *Nesbit v. State*, 71 Ga. App. 744, 746 (2) (32 SE2d 207) (1944)) shown by the totality of the evidence in the case, supported the conviction of theft by taking of the motor vehicle.

2. Contrary to defendant's contention, the evidence supports his conviction upon count 3 (concealing the identity of a motor vehicle) of the indictment. OCGA § 40-2-5 provides: "It shall be unlawful to buy, steal, sell, receive, dispose of, conceal, possess, or *use* any vehicle license plate upon or in conjunction with the possession of any such vehicle except the vehicle for which the plate was issued, for the purpose of concealing or misrepresenting the identity of any vehicle which is required to bear a license plate." (Emphasis supplied.) The jury was authorized to find that defendant used a license plate upon a vehicle for which the plate was not issued for the purpose of concealing or misrepresenting the identity of the vehicle beyond a reasonable doubt. See generally *Walker v. State*, 130 Ga. App. 860, 864 (4) (205 SE2d 49) (1974).

3. Defendant contends the police officer violated his Fourth Amendment rights when he stopped the van so that the ensuing interrogation of defendant was tainted. As this issue was not raised in the trial court, it will not be considered on appeal. See *Moss v. State*, 159 Ga. App. 317, 319 (283 SE2d 275) (1981).

4. In cross-examining defendant, the assistant district attorney

asked whether he recalled "testifying in this court before this Judge with [his] attorney present?" When defendant replied that he did, the assistant district attorney asked whether he remembered being questioned by the trial court about borrowing the van. At that point, defendant interposed an objection and the jury was excused. The basis of the objection was that the assistant district attorney obviously was making reference to a guilty plea hearing and that that was prejudicial to defendant. After colloquy outside the presence of the jury, the trial court agreed with defendant's position and the matter was not pursued further by the state. Defendant did not make a move for a mistrial and no request for further relief was made.

Defendant asserts the assistant district attorney's line of questioning was prejudicial and contributed to the jury's verdict. Since defendant's objection was sustained and no further relief was requested, defendant's assertion presents nothing for review on appeal. *Smith v. State*, 172 Ga. App. 6 (1) (321 SE2d 771) (1984).

*Judgment affirmed. Birdsong, C. J., Deen, P. J., Pope and Benham, JJ., concur. McMurray, P. J., Carley and Sognier, JJ., concur in Divisions 2, 3, and 4. McMurray, P. J., Carley and Sognier, JJ., dissent in Division 1. Banke, P. J., disqualified.*

McMURRAY, Presiding Judge, dissenting.

I respectfully dissent with regard to Division 1 of the majority opinion. The evidence adduced at trial shows only that defendant was caught driving a motor vehicle nearly two months after it was stolen, that the identity of the vehicle was concealed by a license plate which was not issued for the vehicle, and that defendant gave fictitious information about the source of the vehicle. Although this evidence may have established the offense of theft by receiving stolen property, it was not sufficient to support a conviction for *theft by taking* beyond a reasonable doubt. *Bankston v. State*, 251 Ga. 730 (309 SE2d 369).

I am authorized to state Judge Carley and Judge Sognier join in this dissent.

DECIDED DECEMBER 4, 1987.

*K. Van Banke*, for appellant.
*Robert E. Keller, District Attorney, Deborah Benefield, Assistant District Attorney*, for appellee.